IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RANDOLPH W. KEUCH** : | |
| **Plaintiff** : | |
| v. : | **Civil Action No. 19-5488** |
| : | |
| **TEVA PHARMACEUTICALS USA, INC.,** : | |
| **TEVA PHARMECEUTICALS** : | |
| **INDUSTRIES, Ltd.,** : | |
| **KÅRE SCHULTZ (as President** : | |
| **and CEO Teva Pharmaceuticals** : | |
| **Industries, Ltd.) and** : | |
| **RON YANIV (as SVP Global** : | |
| **Compensation and Benefits)** : | |
| **Defendants** : | |

**PLAINTIFF'S MOTION FOR LEAVE TO EFFECT SERVICE ON
DEFENDANTS TEVA PHARMACEUTICALS INDUSTRIES, LTD.,
KÅRE SCHULTZ AND RON YANIV PURSUANT TO FED. R. CIV. P. 4(f)(3)
AND ARTICLE 10 OF THE HAGUE CONVENTION**

Plaintiff, Randolph W. Keuch ("Keuch"), by and through his undersigned attorneys, moves for leave to effect service on Defendants TEVA Pharmaceuticals Industries, Ltd., Kåre Schultz and Ron Yaniv (hereinafter collectively the "Israel-Based Defendants") pursuant to Fed. R. Civ. P. 4(f)(3) and Article 10 of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"). In support of this Motion, Plaintiff avers as follows:

1.  On November 19, 2019, Keuch filed his Complaint against all the above-named Defendants as reflected in the attached Civil Docket Report.

2. On January 2, 2020 Keuch served the Complaint by hand delivery on Defendant TEVA Pharmaceuticals USA, Inc. ("TEVA USA") at its published headquarters at 1090 Horsham Road, North Wales, PA 19454.

3. Defendant TEVA, in turn, directed that service should be made at its offices at 400 Interpace Parkway, Parsippany, NJ. In accordance with that directive, service was affected on Defendant TEVA and an Affidavit of Service was filed with the Court on January 8, 2020.

4. The principal place of business of the Israel-Based Defendants is 5 Basel Street, Petoch Tikva, Israel 49131.

5. Fed. R. Civ. P. 4(h)(2) provides that in the event a plaintiff seeks to serve original process upon a corporation defendant at a location outside any judicial district of the United States, the plaintiff may do so "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

6. Fed. R. Civ. P. 4(f) provides in pertinent part that service upon an individual in a location outside any judicial district of the United States may be done:

    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

        (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

        (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

        (C) unless prohibited by the foreign country's law, by:

2

        (i)    delivering a copy of the summons and of the complaint to the individual personally; or

        (ii)    using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

    (3)    by other means not prohibited by international agreement, as the court orders.

7.    Article 10 of the Hague Convention provides in pertinent part that:

Provided the State of destination does not object, the present Convention shall not interfere with:

    (a) the freedom to send judicial documents, by postal channels, directly to persons abroad.

    (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination

    (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

8.    Israel is a signatory to the Hague Convention, and has not objected to the application of Article 10 including that portion that provides that the Hague Convention does not interfere with a party effecting service of process through postal channels.

9.    Additionally, Rules 404, 404 and 424 of the Pennsylvania Rules of Civil Procedure also permit service on a corporation or similar entity outside of the Commonwealth of Pennsylvania by personal service upon an officer or other agent of the entity.

3

10. Israel also has not objected the Pennsylvania Rules of Civil Procedure that permit service of process outside the Commonwealth of Pennsylvania by a form of mail requiring a return receipt.

11. Counsel for TEVA USA Larry J. Rappaport, Esquire of Stevens & Lee, 1818 Market Street, Philadelphia, PA  19103 has stated that he shortly will be entering his appearance on behalf of TEVA USA and would also be representing the Israel Defendants, but only after they are properly served in Israel.

For the foregoing reasons, Plaintiff Randolph W. Keuch respectfully requests that the Court grant him leave to effect service of process on the three Israel-Based Defendants pursuant to Fed. R. Civ. P. 4(f)(3) and Article 10 of the Hague Convention.

**SPECTOR GADON ROSEN VINCI P.C.**

January 23, 2020  By: *Alan Epstein*
                   Alan B. Epstein, Esquire
                   *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Alan B. Epstein, Esquire, attorney for Randolph W. Keuch, do hereby certify that true and correct copies of the foregoing *Motion for Leave to Effect Service on Defendants and Accompanying Proposed Order and Memorandum of Law* was sent *via* the Court's ECF System and Electronic Mail on this 23rd day of January, 2020 to the following counsel:

Larry J. Rappaport, Esquire
Stevens & Lee
1818 Market Street
Philadelphia, PA  19103
**ljr@stevenslee.com**

/s/ *Alan B. Epstein*

Alan B. Epstein