IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDOLPH W. KEUCH** : | | |
| Plaintiff : | | |
| v. : | | Civil Action No. 19-5488 |
| : | | |
| **TEVA PHARMACEUTICALS USA, INC.,** : | | |
| **TEVA PHARMECEUTICALS** : | | |
| **INDUSTRIES, Ltd.,** : | | |
| **KÅRE SCHULTZ (as President** : | | |
| **and CEO Teva Pharmaceuticals** : | | |
| **Industries, Ltd.) and** : | | |
| **RON YANIV (as SVP Global** : | | |
| **Compensation and Benefits)** : | | |
| Defendants : | | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO EFFECT SERVICE UPON DEFENDANTS
TEVA PHARMECEUTICALS INDUSTRIES, LTD.,
KÅRE SCHULTZ AND RON YANIV PURSUANT TO FED. R. CIV. P. 4(f)(3)
AND ARTICLE 10 OF THE HAGUE CONVENTION**

Plaintiff Randolph W. Keuch ("Keuch") submits the following Memorandum of Law in Support of his Motion for Leave to Effect Service on Defendants TEVA Pharmaceuticals Industries, Ltd., Kåre Schultz and Ron Yaniv (the "Israel-Based Defendants") pursuant to Fed. R. Civ. P. 4(f)(3) and Article 10 of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention").

**INTRODUCTION**

Plaintiff Keuch seeks to effect service of process upon the Israel-Based Defendants, whose principal business address is in Israel. Keuch seeks leave to effect service by a form of mail delivery requiring a signed receipt. As demonstrated in the following discussion, this method of service is permissible under the Hague Convention, not objected to by Israel, and

permissible under the Pennsylvania Rules of Civil Procedure. This method of service is also reasonably calculated to give notice, and therefore consistent with the requirements set forth in Fed. R. Civ. P. 4. Accordingly, it is respectfully asserted that the grant of leave to Keuch to effect service by the requested means is therefore warranted and appropriate.

## STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

On November 19, 2019, Keuch filed his Complaint against all the above-named Defendants as reflected in the attached Civil Docket Report. On January 2, 2020, Keuch served the Complaint on Defendant TEVA Pharmaceuticals USA, Inc. ("TEVA USA") by hand delivery at its published headquarters at 1090 Horsham Road, North Wales, PA 19454. Defendant TEVA, in turn, directed that service should be made at its offices at 400 Interpace Parkway, Parsippany, NJ. That service was affected in accordance with that direction and an Affidavit of Service was filed with the Court on January 8, 2020. For purposes of service in Israel by mail in accordance with the applicable rules and the Hague Convention, the principal place of business of the Israel-Based Defendants is 5 Basel Street, Petoch Tikva, Israel 49131.

Fed. R. Civ. P. 4(h)(2) provides that in the event a plaintiff seeks to serve original process upon a corporation defendant at a location outside any judicial district of the United States, the plaintiff may do so "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i). Fed. R. Civ. P. 4(f) provides in pertinent part that service upon an individual in a location outside any judicial district of the United States may be done:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>> (C) unless prohibited by the foreign country's law, by:
>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Applicable to Plaintiff's application for service by mail, Article 10 of the Hague Convention provides in pertinent part that:

> Provided the State of destination does not object, the present Convention shall not interfere with:
>
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad.
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination
>
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Satisfying the above mandates, Israel is a signatory to the Hague Convention and has not objected to the application of Article 10. Additionally, Rules 404, 404 and 424 of the Pennsylvania Rules of Civil Procedure also permit service on a corporation or similar entity outside of the Commonwealth of Pennsylvania by personal service upon an officer or other agent of the entity.

Moreover, as noted above, Israel has not objected to that portion of the Hague Convention that provides that the Hague Convention does not interfere with a party effecting service of process through postal channels and the Pennsylvania Rules of Civil Procedure permit service of process outside the Commonwealth of Pennsylvania by a form of mail requiring a return receipt.

Finally, as attested in Plaintiff's Motion, Counsel for TEVA USA Larry J. Rappaport, Esquire of Stevens & Lee, 1818 Market Street, Philadelphia, PA 19103 has stated that he shortly will be entering his appearance on behalf of TEVA USA and would also be representing the Israel Defendants, but only after they are properly served in Israel.

## **LEGAL ARGUMENT**

Fed. R. Civ. P. 4(g) provides that a party may service original process on a corporation or similar entity outside any United States judicial district by means of any method permitted by Rule 4(f). Rule 4(f)(3) provides that such service may be effected by "means not prohibited by international agreement, as the Court orders."

In *Water Splash, Inc. v. Menon*, ___ U.S. ___, 137 S.Ct. 1504 (2017), the United States Supreme Court held that the Hague Convention does not prohibit service by mail. *Id*. at 1513. The Supreme Court held that such service would be proper if two additional conditions were met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id*. (citing *Brockmeyer v. May*, 383 F.3d 798, 803-804 (9th Cir. 2004).

Both conditions are met here with respect to service by mail. Israel is a signatory to the Hague Convention and has not objected to the portion of the Hague Convention, namely Article 10(a), that provides that the Hague Convention does not interfere with a party effecting service of process through postal channels. *The Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL

4

2788203, at *7 (E.D. Pa. July 13, 2010).  The Pennsylvania Rules of Civil Procedure also expressly permits service outside the Commonwealth by mail requiring a return receipt and by personal service. Pa. R. Civ. P. 403, 404.  Therefore, grant of leave to effect service by a form of mail requiring a signed receipt is warranted and appropriate under Rule 4(f)(3) and the rule set forth in *Water Splash*.

## CONCLUSION

For the foregoing reasons, Plaintiff Keuch respectfully submits that the grant of leave to effect service upon the Israel-Based Defendants by a form of mail requiring a signed receipt.

                                       **SPECTOR GADON ROSEN VINCI P.C.**

January 23, 2020                          By: *Alan Epstein*
                                                    Alan B. Epstein, Esquire
                                                    *Attorneys for Plaintiff*