IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RANDOLPH W. KEUCH** : <br>         **Plaintiff** : <br>     v. : <br> : <br> **TEVA PHARMACEUTICALS USA, INC.,** : <br> **TEVA PHARMECEUTICALS** : <br> **INDUSTRIES, Ltd.,** : <br> **KÅRE SCHULTZ (as President** : <br> **and CEO Teva Pharmaceuticals** : <br> **Industries, Ltd.) and** : <br> **RON YANIV (as SVP Global** : <br> **Compensation and Benefits)** : <br>         **Defendants** : | **Civil Action No. 19-5488** |

**ORDER**

    **AND NOW**, this ____ of _____, 2020, it is **ORDERED** that Plaintiff Randolph W. Keuch's Motion for Leave to Effect Service on Defendants TEVA Pharmaceuticals Industries, Ltd., Kåre Schultz and Ron Yaniv Pursuant to Fed. R. Civ. P. 4(f)(3) and Article 10 of the Hague Convention on Service Abroad and Judicial and Extrajudicial Documents and Commercial Matters (EFC No. 10) is **GRANTED.**[1]

    Accordingly, Plaintiff is granted leave to effect service on Defendants TEVA

---

[1] Keuch moves for leave to effect service on Defendants TEVA Pharmaceuticals Industries, Ltd., Kåre Schultz and Ron Yaniv by a form of mail requiring a signed receipt. "[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (citing *Brockmeyer v. May*, 383 F.3d 798, 803-04 (9th Cir. 2004)). The first condition is met because Israel is a signatory of the Hague Convention and has not objected to service by mail. *The Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 2788203, at *7 (E.D. Pa. July 13, 2010). The second condition is met because Federal Rule of Civil Procedure 4(f)(3) "affirmatively authorizes the federal district court to direct any form of service that is not prohibited by an international agreement." *Brockmeyer*, 383 F.3d at 805. Moreover, "[t]he decision whether to allow alternative methods of servicing process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)). Accordingly, the Court exercises its sound discretion to grant Keuch's Motion.

Pharmaceuticals Industries, Ltd., Kåre Schultz and Ron Yaniv by a form of mail requiring a signed receipt.

_____
**WENDY BEITLESTONE, J**