IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH W. KEUCH, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br> TEVA PHARMACEUTICAL <br> INDUSTRIES, Ltd., <br> KARE SCHULTZ (as President and CEO <br> Teva Pharmaceuticals Industries, Ltd.) and <br> RON YANIV (as SVP Global Compensation <br> and Benefits) <br><br> Defendant. | CASE NO. 2:19-CV-05488 <br><br> (JUDGE WENDY BEETLESTONE) <br><br> [ELECTRONICALLY FILED] |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Teva Pharmaceuticals USA, Inc. [1] ("Defendant TUSA") hereby answers the above-captioned Complaint of Plaintiff Randolph Keuch ("Plaintiff" or "Keuch") in accordance with the numbered paragraphs thereof as follows:

### JURY TRIAL

Defendant TUSA admits that Plaintiff demands a trial by jury in this matter.

### INTRODUCTION

1.  Admitted in part denied in part. Defendant TUSA admits only that Plaintiff purports to bring this action on his own behalf, and on behalf of all similarly situated employees pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.* and

---

[1] In Plaintiff's Complaint, Plaintiff defines "Teva" to include both Defendant TUSA and Teva Pharmaceuticals Industries, Ltd ("TPI"). For the avoidance of any doubt, this answer is being filed on behalf of Defendant TUSA only. The Plaintiff was employed by Defendant TUSA and was never an employee of TPI. Nothing contained herein shall be intended to be a response on behalf of TPI or any other Defendant. Further, by responding to paragraphs directed toward the collective "Teva" Defendant TUSA does not admit that it is a joint employer or single entity with TPI.

the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 *et seq*. Defendant TUSA denies that it engaged in any unlawful conduct under any of these laws and denies that Plaintiff is entitled to any relief from Defendant TUSA. By way of further response, Defendant TUSA denies that this matter is properly a class action matter.

2. Admitted in part denied in part. Defendant TUSA admits only that Plaintiff purports to bring the claims referenced in Paragraph 2 of the Complaint. Defendant TUSA denies that any of Plaintiff's claims have merit and specifically denies that it has discriminated against Plaintiff or any other employee on the basis of such employee's age.

3. Admitted in part denied in part. Defendant TUSA admits only that Plaintiff purports to bring the claims referenced in Paragraph 3 of the Complaint. Defendant TUSA denies that any of Plaintiff's claims have merit and specifically denies that it has discriminated against Plaintiff or any other employee on the basis of such employee's age.

**JURISDICTION**

4. Paragraph 4 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA does not contest subject matter jurisdiction.

5. Paragraph 5 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA does not contest subject matter jurisdiction.

6. Paragraph 6 of the Complaint states only conclusions of law to which no response is required. To the extent that a response is required, Defendant TUSA denies that this matter is properly a class action matter.

## VENUE

7. Paragraph 7 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA does not contest venue.

8. Paragraph 8 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA does not contest venue.

## THE PARTIES

### The Plaintiff, Randolph W. Keuch

9. Admitted upon information and belief. By way of further response, Plaintiff was hired by Defendant TUSA just months before his 60th birthday.

10. Denied. By way of further response, Defendant TUSA admits that Plaintiff was employed by Defendant TUSA only as Senior Director of Total Rewards for the Americas and worked at 1090 Horsham Road, North Wales, Pennsylvania. By way of further response, Defendant TUSA is no longer headquartered at 1090 Horsham Road, North Wales, Pennsylvania.

11. Paragraph 11 of the Complaint states only conclusions of law to which no response is required.

12. Denied. By way of further response, the term "leader" is overly vague and ambiguous because it does not provide a definition of what constitutes a "leader."

13. Denied. Defendant TUSA lacks knowledge or information sufficient to form a belief as to Plaintiff's prior employment history, and therefore denies those allegations.

14. Denied. Defendant TUSA lacks knowledge or information sufficient to form a belief as to Plaintiff's prior educational history, and therefore deny those allegations.

15. Admitted in part denied in part. Defendant TUSA admits that Plaintiff led the Total Rewards Center for the Americas and achieved many of the results listed in the bullet points as he alleges in the Complaint. Defendant TUSA denies Plaintiff's characterizations contained in each bullet point.

16. Denied. Defendant TUSA lacks knowledge or information sufficient to form a belief as to what awards Plaintiff may have received or achieved prior to his employment at Defendant TUSA began, and therefore deny those allegations.

**Defendants**

17. Denied. The allegations in Paragraph 17 are directed to a party other than Defendant TUSA. To the best of Defendant TUSA's knowledge and belief there is no entity known as "Teva Worldwide."

18. Denied. The allegations in Paragraph 18 are directed to a party other than Defendant TUSA.

19. Denied. By way of further response Defendant TUSA denies that at all applicable times Defendant TUSA employed over 10,000 employees in the United States. The remaining allegations contained in Paragraph 19 of the Complaint state only conclusions of law to which no response is required. To the extent a response is deemed required, Defendant TUSA denies that it is a joint employer with any other Defendant in this case.

20. Denied. The allegations in Paragraph 20 are directed to a party other than Defendant TUSA.

21. Denied. The allegations in Paragraph 21 are directed to a party other than Defendant TUSA.

**All Defendants**

22.     The allegations contained in Paragraph 22 of the Complaint state only conclusions of law to which no response is required. To the extent a response is deemed required, Defendant TUSA denies that it is a joint employer with any other Defendant in this case.

23.     The allegations contained in Paragraph 23 of the Complaint state only conclusions of law to which no response is required. To the extent a response is deemed required, Defendant TUSA denies that it discriminated against Plaintiff or any employee on the basis of age. The remaining allegations contained in Paragraph 23 are directed to a party other than Defendant TUSA, and are therefore denied.

## STATEMENT OF APPLICABLE FACTS

**Historical Events Leading to the Drastic Workforce Reductions**

24.     Denied. The allegations in Paragraph 24 are directed to a party other than Defendant TUSA.

25.     Denied. The allegations in Paragraph 25 are directed to a party other than Defendant TUSA.

26.     Denied. The allegations in Paragraph 26 are directed to a party other than Defendant TUSA.

27.     This Paragraph is part of a Count that is the subject of a Motion to Strike as it alleges spurious, irrelevant and inflammatory allegations that have no relevance to any of plaintiff's claims.

28.     Denied. The allegations in Paragraph 28 are directed to a party other than Defendant TUSA.

29. This Paragraph is part of a Count that is the subject of a Motion to Strike as it alleges spurious, irrelevant and inflammatory allegations that have no relevance to any of plaintiff's claims.

30. This Paragraph is part of a Count that is the subject of a Motion to Strike as it alleges spurious, irrelevant and inflammatory allegations that have no relevance to any of plaintiff's claims.

31. This Paragraph is part of a Count that is the subject of a Motion to Strike as it alleges spurious, irrelevant and inflammatory allegations that have no relevance to any of plaintiff's claims.

**Historical Perspective of Plaintiff's Employment Experience**

32. Denied.

33. Admitted in part denied in part. Defendant TUSA admits only that Plaintiff received an increase in his base salary and a $60,000 retention bonus. Defendant TUSA denies that Plaintiff received these remunerations for the reasons stated in the Complaint.

34. Admitted.

35. Denied. The allegations that Plaintiff was a "valuable managerial asset" or that Defendant TUSA accomplished "properly planned" savings are vague, ambiguous, and incapable of a response as phrased, because it does not define what a "valuable managerial asset" is or what constitutes a "properly planned" savings. Defendant TUSA admits that Plaintiff was competent and capable in his job performance.

36. Denied. The allegations in Paragraph 36 are directed to a party other than Defendant TUSA.

37. Denied. The allegations in Paragraph 37 are directed to a party other than Defendant TUSA.

38. Admitted in part denied in part. Defendant TUSA admits only that Defendant TUSA modified its severance policy in 2017. Defendant TUSA denies that any such plan was created or motivated by a desire to discriminate against any employee on the basis of age. Defendant TUSA denies all remaining allegations contained in Paragraph 38.

39. Denied.

**Plaintiff's Selection for Firing**

40. Admitted in part denied in part. Defendant TUSA admits that in November 2017 Kåre Schultz announced a reduction in force that would affect approximately 25% of Teva Pharmaceuticals Industries, Ltd.'s global workforce and that 2017 bonuses would need to be placed on hold. Defendant TUSA denies Plaintiff's characterization that "executive mismanagement" led to the decisions.

41. Admitted in part denied in part. Defendant TUSA admits only that Plaintiff was asked to and did provide his view on how the structure of the Total Rewards Center for the Americas could be altered to reduce employee headcount. Defendant TUSA denies that Plaintiff volunteered to be relocated to Israel. Defendant TUSA denies all remaining allegations contained in Paragraph 41.

42. Admitted in part denied in part. Defendant TUSA admits that on or about January 2, 2018 Plaintiff was advised that his employment with Defendant TUSA would be terminated. Defendant TUSA further admits that Plaintiff was not offered a demotion prior to his termination. Defendant TUSA denies all remaining allegations contained in Paragraph 42.

43. Admitted.

7

44. Denied. By way of further response, Defendant TUSA denies that Plaintiff was "replaced." To the contrary, Plaintiff's position was eliminated in its entirety.

45. Denied. By way of further response, by eliminating Plaintiff's position in its entirety, Defendant TUSA saved money. Further, the allegation that "age was the motivating and determinative factor in the decision to promote Mr. Nasi and fire Plaintiff" is a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant TUSA denies that age was the motivating or determinative factor in Plaintiff's separation. Defendant TUSA further denies all remaining allegations contained in Paragraph 45.

46. Admitted in part denied in part. Defendant TUSA admits only that Plaintiff was eligible to receive a cash bonus targeted at 30% of his base salary and that his healthcare benefits were $2,196.54 per month. Defendant TUSA denies that Plaintiff's salary was $286,000 at the time of his termination or that there is a dollar amount target for equity bonuses.

47. Denied.

### CLASS ALLEGATIONS

48. Admitted in part denied in part. Defendant TUSA admits only that Plaintiff purports to bring his Complaint on behalf of all individuals over the age of forty years who have been terminated by Defendant TUSA. Defendant TUSA denies that it engaged in any unlawful conduct. By way of further response, Defendant TUSA denies that certification of a class action is appropriate and denies that it is liable to Plaintiff or to any putative member of the class. Further, the remaining allegations are directed to a party other than Defendant TUSA and are therefore denied.

49. Paragraph 49 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is

properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

50. Paragraph 50 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies Plaintiff's allegation that the investigation into the allegations will not be increased if the issues raised are expanded to a class action. Further, Defendant TUSA denies that it engaged in any unlawful conduct. By way of further response, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate and that it is liable to Plaintiff or to any putative member of the class.

51. Paragraph 51 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

52. Admitted in part denied in part. Defendant TUSA admits only that Plaintiff purports to define the class as though stated in Paragraph 52 of the Complaint. Defendant TUSA denies the remaining allegations contained in Paragraph 52 of the Complaint. By way of further response, Paragraph 52 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

53. Paragraph 53 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is

01/27/2020 SL1 1623912v5 030421.00713

properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

54. Paragraph 54 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

55. Paragraph 55 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

56. Paragraph 56 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

57. Paragraph 57 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

58. Paragraph 58 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

59. Paragraph 59 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

60. Paragraph 60 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

61. Paragraph 61 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

62. Paragraph 62 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

63. Paragraph 63 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

64. Paragraph 64 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

## STATEMENT OF LEGAL LIABILITY

65. Paragraph 65 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA does not contest that Plaintiff is over the age of forty.

66. Paragraph 66 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies these allegations.

67. Paragraph 67 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies these allegations.

68. Paragraph 68 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies these allegations.

## COUNT I
## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

69. Defendant TUSA incorporates by reference its responses to the averments of Paragraphs 1 through 68, above, as if fully set forth at length herein.

70. Paragraph 70 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies these allegations.

## COUNT II
## VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT

71. Defendant TUSA incorporates by reference its responses to the averments of Paragraphs 1 through 70, above, as if fully set forth at length herein.

72. Paragraph 72 of the Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies these allegations.

## RELIEF SOUGHT

Defendant TUSA denies that Plaintiff is entitled to any relief or damages and specifically denies the allegations of the "WHEREFORE" clause contain in the "Relief Sought" portion of the Complaint. Defendant TUSA demands that judgment be entered in favor of Defendant TUSA and against Plaintiff, that the Court dismiss Plaintiff's Complaint in its entirety, and that the Court award Defendant TUSA reimbursement for its attorneys' fees, costs and expenses incurred in this action.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

## AFFIRMATIVE DEFENSES

Defendant TUSA incorporates by reference in each Affirmative Defense set forth below the admissions, denials, and averments of the above paragraphs of this Answer as if fully set forth herein.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant TUSA did not engage in any unlawful or wrongful conduct with respect to Plaintiff, is not liable to Plaintiff in any manner, and Plaintiff is not entitled to any relief or damages.

3. Defendant TUSA acted in good faith at all times relevant to this action and did not engage in any discrimination or unlawful or wrongful conduct.

4. Plaintiff was an at-will employee for the entire duration of his employment with Defendant TUSA.

5. Plaintiff has not suffered any damages or, in the alternative, any damages suffered by Plaintiff were not proximately caused by Defendant TUSA.

6. Plaintiff is not entitled to an award of attorneys' fees and costs.

7. All decisions made by Defendant TUSA with respect to Plaintiff were legitimate, good-faith, lawful business decisions that were not based on, connected to, or related to Plaintiff's age.

8. Teva did not violate the Age Discrimination in Employment Act, the Pennsylvania Human Relations Act, or any other statutory or common law with respect to Plaintiff.

9. Some or all of Plaintiff's claims in the Complaint may be barred by a failure to exhaust administrative remedies.

10. Plaintiff has failed to mitigate his alleged damages.

11. Plaintiff's termination was based on reasonable factors other than age.

12. Plaintiff's claim for punitive damages are barred to the extent that award of such damages would violate any of the provisions of the Constitution of the United States, or any of the provisions of the Constitution of the Commonwealth of Pennsylvania, or any other law.

13. Any claim for liquidated damages is barred because the actions allegedly taken by Defendant TUSA were not willful.

14. Defendant TUSA specifically reserve the right to assert any additional Affirmative Defenses in this matter, including those arising under the doctrine of after-acquired evidence.

WHEREFORE, Defendant TUSA demands that judgment be entered in its favor and against Plaintiff, that the Court dismiss Plaintiff's Complaint in its entirety, and that the Court award Defendant TUSA reimbursement for its attorneys' fees, costs and expenses incurred in this action.

Dated:  January 27, 2020                                STEVENS & LEE

                                                        By:     /s/ *Larry J. Rappoport*
                                                                Larry J. Rappoport (ID No. 26922)
                                                                ljr@stevenslee.com
                                                                Brandon S. Shemtob (ID No. 319246)
                                                                bss@stevenslee.com
                                                                1818 Market Street, 29th Floor
                                                                Philadelphia, PA  19103
                                                                (215) 496-3839

                                                        *Attorneys for Defendant TUSA*