## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDOLPH W. KEUCH, | : | |
| | : | CASE NO. 2:19 CV-05488 |
| Plaintiff, | : | |
| | : | |
| v. | : | (JUDGE JOHN M. GALLAGHER) |
| | : | |
| TEVA PHARMACEUTICALS USA, INC., | : | [ELECTRONICALLY FILED] |
| TEVA PHARMACEUTICAL | : | |
| INDUSTRIES, Ltd., | : | |
| KARE SCHULTZ (as President and CEO | : | |
| Teva Pharmaceuticals Industries, Ltd.) and | : | |
| RON YANIV (as SVP Global Compensation | : | |
| and Benefits) | : | |
| | : | |
| | : | |
| Defendant. | : | |

### TEVA PHARMACEUTICALS USA, INC.'S REPLY TO
### PLAINTIFF'S RESPONSE IN OPPOSITION TO ITS MOTION TO STRIKE
### IMMATERIAL AND IMPERTINENT MATTERS FROM PLAINTIFF'S COMPLAINT

Defendant Teva Pharmaceuticals USA, Inc. ("TUSA"), by and through its undersigned

counsel, respectfully submits this Brief in Reply to Plaintiff's Response in Opposition

("Plaintiff's Opposition") to TUSA's Motion to Strike Immaterial, Impertinent and Scandalous

Matters ("TUSA's Motion to Strike") from the Complaint filed by Randolph W. Keuch

("Plaintiff" or "Keuch"). TUSA respectfully submits this reply to address issues newly raised in

Plaintiff's Opposition.

### I.   PLAINTIFF'S OPPOSITION CONFUSES THE ISSUE AND IN DOING SO
###       HIGHLIGHTS THE NECESSITY TO GRANT TUSA'S MOTION TO STRIKE

In Plaintiff's Opposition, Plaintiff asserts that Paragraphs 27, 29, 30 and 31 (the

"Disputed Paragraphs") of the Complaint are not immaterial or impertinent because they deal

with the motivations of TUSA, Teva Pharmaceutical Industries, Ltd.[1] and two top executives. Plaintiff suggests that the Disputed Paragraphs should not be stricken as TUSA has requested, speculating that but for the fines and the executive compensation Teva Pharmaceutical Industries, Ltd. and TUSA could have prevented the reduction in force ("RIF") either in whole or in part. Plaintiff's assertions essentially attack the business judgment that resulted in the decision to engage in the worldwide RIF. However, the business judgment that resulted in the decision to engage in the RIF is not at all what this lawsuit is about. Rather, this lawsuit is about whether TUSA unlawfully and intentionally included Plaintiff and others similarly situated in the RIF because of their age. It has absolutely no bearing on the case why the global layoffs occurred. Plaintiff included the Disputed Paragraphs obviously to "embarrass" Defendants and to show a jury how Defendants unwisely spent money. The Disputed Paragraphs are wholly unrelated to Plaintiff's inclusion in the RIF.

Notwithstanding this fact, Plaintiff continues to conflate the issues as being one and the same. Plaintiff's inability to distinguish between these two obviously distinct issues, which deal with two different points in time and different decision makers, highlight the necessity of TUSA's Motion to Strike the Disputed Paragraphs. If Plaintiff himself is unable to ascertain the difference between these two concepts, it will inevitably lead to confusion throughout the litigation of this case. Rule 12(f) is intended to remedy this very concern. See McInerney, 244 F. Supp.2d at 402 ("The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.")

---

[1] It should be noted that to date, Plaintiff has not effectuated service on any of the other named defendants in this case. This motion is being filed on behalf of TUSA only and does not constitute a response on behalf of any other defendant nor does it constitute an admission that this Court may properly exercise personal jurisdiction over any other defendant.

2

## II. PLAINTIFF'S REFERENCE TO A DECADE OLD DISTRICT OF NEW JERSEY CASE IS A RED HERRING THAT SHOULD BE DISREGARDED IN ITS ENTIRETY

In Plaintiff's Opposition, Plaintiff references a 2009 district of New Jersey case in which TUSA argued against a motion to strike.[2]  In doing so Plaintiff seems to suggest that TUSA's Motion to Strike in the case *sub judice* is somehow disingenuous because TUSA has previously argued against a motion to strike in a different litigation over a decade ago.  Plaintiff's argument in this regard is a complete red herring and should be ignored in its entirety.  If accepted, Plaintiff's assertion would mean that if a party ever defended against a motion to strike in one litigation they would be estopped from asserting one in a different litigation.  Certainly, this argument must fail.  It would defy logic to force litigants to choose a specific side with respect to a Federal Rule of Civil Procedure for all future litigations.  Rather, it is clear that parties are permitted to argue different sides of an issue depending on the specific facts and circumstances of the case.

## III. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in TUSA's initial Motion to Strike, TUSA respectfully requests that the Court grant TUSA's Motion to Strike Immaterial, Impertinent and Scandalous Matters from Plaintiff's Complaint.

Respectfully submitted,

STEVENS & LEE, P.C.


By: */s/ Larry J. Rappoport*
Larry J. Rappoport, Esquire
Attorney ID No. 26922
Brandon S. Shemtob, Esquire
Attorney ID No. 319246

---

[2] The decision Plaintiff cites to is: Eisai Co. Ltd. v. Teva Pharmaceuticals USA, Inc. 629 F, Supp. 2d 416 (D. N.J. 2009)

03/05/2020 SL1 1630264v4 030421.00713

Stevens & Lee, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA  19103
Telephone:  (610) 205-6039
Facsimile:  (610) 371-7977
E-mail:  ljr@stevenslee.com

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

Dated:  March 5, 2020

03/05/2020 SL1 1630264v4 030421.00713