# EXHIBIT A

Serial No. <u>10695</u>   מספר סידורי

<u>אימות חתימה</u>

אני החתום מטה <u>אלימלך רשף</u> נוטריון בעל רישיון מספר <u>2992032</u> משרדי במען <u>רח' יפה אברהם 1 חולון</u>

מאשר כי ביום 18.08.2020 :

מר/ת <u>דורון הרמן,</u> סגן נשיא בכיר, מיסוי גלובלי של התאגיד <u>טבע תעשיות פרמצבטיות בע"מ,</u>

☒ שזהותו/ה הוכחה לי על פי דרכון <u>ישראלי</u> מספר <u>20870979</u> שהונפק ביום <u>07.04.2013</u>

ואשר שוכנעתי כי הבין/ה הבנה מלאה את משמעות הפעולה, חתם /ה מרצונו /ה החופשי על המסמך המצורף והמסומן באות / מספר <u>"A"</u>

לראיה אני מאמת את חתימתו/ה של מר/ת דורון הרמן הנ"ל בחתימת ידי ובחותמי, היום <u>18.08.2020</u>

שכר נוטריון <u>233</u> שקלים חדשים

חותם הנוטריון



אלימלך רשף, עו"ד ונוטריון
רשיון: עו"ד 7919 נוט. 2992032
טל. 052-476-5599
רח' יפה אברהם 1 חולון 5849101

חתימה _____

## AUTHENTICATION OF SIGNATURE

I, the undersigned, **Elimelech Resheff** Notary, holding license no <u>2992032</u> my office located at <u>1 Yafe Abraham St. Holon-Israel</u> hereby certify that on August 18, 2020:

Mr. **Doron Herman** Senior Vice President , Global Tax for the corporation <u>Teva Pharmaceutical Industries Ltd</u>

☒ Whose identity has been proven to me by <u>Israeli</u> passport No. <u>20870979</u> issued on 07/04/2013

And whom I am convinced he understood fully the significance of the action, voluntarily signed the attached document marked with the letter/ number "A"

In witness whereof, I hereby authenticate the signature of Mr. **Doron Herman** by my own signature and seal this day <u>August 18, 2020</u>

Notary fee <u>233</u> NIS

Notary's seal

Signature

ELIMELECH RESHEFF
ADVOCATE & NOTARY
License: Adv. 7919 Not. 2992032
1 Yafe Abraham st. Holon, Israel

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH W. KEUCH, | |
| Plaintiff, | CASE NO. 2:19-CV-05488 |
| v. | |
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, Ltd., KARE SCHULTZ (as President and CEO Teva Pharmaceuticals Industries, Ltd.) and RON YANIV (as SVP Global Compensation and Benefits) | |
| Defendant. | |

## AFFIDAVIT OF DORON HERMAN

1. I am the Senior Vice President, Global Tax for Teva Pharmaceutical Industries, Ltd. ("TPI"). I am familiar with all of the operations of TPI, and I make this affidavit based upon my personal knowledge.

2. TPI is and always has been a corporation organized and existing under the laws of Israel. It maintains its principal place of business in Petach Tikva, Israel.

3. TPI is the parent company of a number of different direct and indirect subsidiaries, which have operations in approximately 60 countries throughout the world, including in Asia, Europe, Latin America, the Middle East, and North America. TPI is an indirect parent of Teva Pharmaceuticals USA, Inc. ("Teva USA"), which is its principal operating subsidiary in North America. Teva USA is a corporation created and organized under the laws of the State of Delaware; it maintains its principal place of business in Parsippany, New Jersey.

4. TPI and its affiliates each observe separate corporate forms. Each company holds its own board meetings and maintains its books and records separate from those of the other two companies. Further, the companies have separate corporate headquarters, as stated above.

5. TPI and its affiliates each maintains its own accounts of its individual corporate assets and liabilities, and each is well-capitalized. Although one entity may from time to time pay the expenses owed by related entities to third parties, those expenses are ultimately allocated to the entity that incurred them.

6. TPI and its affiliates own or lease property in their own names.

7. TPI does not dominate or control the day-to-day operations of Teva USA.

8. TPI is not incorporated in Pennsylvania or any other state of the United States, nor has it qualified to do business in Pennsylvania or anywhere else in the United States.

9. TPI has not filed or sought to file Articles of Incorporation or qualifications to do business in Pennsylvania or any other state of the United States at any time.

10. TPI has no branch office or comparable facilities anywhere in the United States, including, in particular, Pennsylvania, and it has no telephone listings or mailing address in Pennsylvania or elsewhere in the United States.

11. TPI does not have any manufacturing operations in Pennsylvania or elsewhere in the United States, nor does it have any other physical presence in Pennsylvania or elsewhere in the United States.

12. TPI has not designated any person residing in Pennsylvania or elsewhere in the United States as an authorized agent for service of process, and it has not filed or indicated its consent to service of process in Pennsylvania or anywhere else in the United States.

13. TPI does not own, lease, possess, or maintain and has not owned, leased, possessed, or maintained any real or personal property, office, residence, or place of business in Pennsylvania or any other state of the United States at any time.

14. TPI does not direct any of its advertising specifically toward residents of Pennsylvania or any other state of the United States, nor does it advertise in any publications that are directed primarily toward residents of Pennsylvania or any other state of the United States.

15. TPI does not and has never employed any employees in Pennsylvania or the United States of America.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Doron Herman
SVP- Global Tax
Teva Pharmaceutical Industries, Ltd.
Petach Tikva, Israel

State of Israel
COUNTY OF _____        : ss.
Sworn to before me and subscribed in my presence this 18th day of August, 2020.

_____
NOTARY PUBLIC

ELIMELECH RESHEFF
ADVOCATE & NOTARY
License: Adv. 7919 Not. 2992032
1 Yafe Abraham st. Holon, Israel

3

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH W. KEUCH, | : |
| Plaintiff, | : CASE NO. 2:19-CV-05488 |
| v. | : |
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES, Ltd., KARE SCHULTZ (as President and CEO Teva Pharmaceuticals Industries, Ltd.) and RON YANIV (as SVP Global Compensation and Benefits) | : |
| Defendant. | : |

## DECLARATION OF RON YANIV

1. I am a citizen of Israel.

2. I currently live in Israel.

3. I have never been a resident of Pennsylvania.

4. I have visited Pennsylvania less than five times in my life.

5. The last time I visited Pennsylvania was prior to September 2017.

6. I began working for Teva Pharmaceutical Industries, Ltd. ("TPI") on or around April 27, 2015.

7. I was told in or around October 2017 that my position with TPI would be eliminated as part of a large-scale reduction in force ("RIF"). I received official notification of my lay-off on December 17, 2017.

8. My last day of active employment at TPI was December 30, 2017. I performed no work for TPI thereafter although I received severance payments until on or around June 30, 2018.

08/17/2020 SL1 1651961v1 030421.00713

9. I was not involved in the selection of Randolph W. Keuch ("Mr. Keuch") to be included in the RIF.

10. I did not contact Mr. Keuch to inform him that he would be included in the RIF.

11. My active employment with TPI ended prior to Mr. Keuch's employment ending.

12. I was not involved in the selection of any employee to be included in the RIF.

13. I did not contact any employee to inform them that they would be included in the RIF.

14. Following my employment with TPI, I began to work for Compvision.

15. I ceased my subsequent employment with Compvision on May 17, 2020.

16. As of the date in which I am executing this Declaration, I have not received a copy of the summons or complaint in the lawsuit filed by Mr. Keuch.

_____
Ron Yaniv

_____
21-Aug-20
Date

08/17/2020 SL1 1651961v1 030421.00713

# EXHIBIT C

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | AGENCY<br>☐ FEPA<br>X EEOC | CHARGE NUMBER<br>530-2018-04759 |
|---|---|---|

## PENNSYLVANIA HUMAN RELATIONS COMMISSION and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.)<br>RANDOLPH W. KEUCH, Individually and on behalf of all other similarly situated employees of TEVA PHARMACEUTICAL INDUSTRIES, Ltd. and TEVA PHARMACEUTICALS USA, INC. employed in the United States of America | HOME TELEPHONE (Include Area Code)<br>412.225.8000 | |
|---|---|---|
| STREET ADDRESS<br>111 Rose Lane | CITY, STATE, AND ZIP CODE<br>Chalfont, Pennsylvania 18914 | DATE OF BIRTH<br>May 27, 1954 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME   (If more than one list below.)

| NAME<br>TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICALS INDUSTRIES, Ltd. | NUMBER OF EMPLOYEES, MEMBERS<br>Approximately 57,000 (worldwide); approximately 10,000 (USA) | TELEPHONE (Include Area Code)<br>888-838-2872 |
|---|---|---|
| STREET ADDRESS<br>1090 Horsham Road | CITY, STATE AND ZIP CODE<br>North Wales, Pennsylvania 19454 | COUNTY<br>Montgomery |
| NAME<br>Kåre Schultz, President and CEO Teva Pharmaceuticals Industries, Ltd. | | TELEPHONE NUMBER (Include Area Code)<br>888-838-2872 |
| STREET ADDRESS<br>1090 Horsham Road | CITY, STATE AND ZIP CODE<br>North Wales, Pennsylvania 19454 | COUNTY<br>Montgomery |
| NAME<br>Tal Zorman, SVP Global Total Rewards | | TELEPHONE NUMBER (Include Area Code)<br>888-838-2872 |
| STREET ADDRESS<br>1090 Horsham Road | CITY, STATE AND ZIP CODE<br>North Wales, Pennsylvania 19454 | COUNTY<br>Montgomery |

| CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX (ES))<br><br>X   AGE | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)   LATEST (ALL)<br>January 2, 2018   March 18, 2018 |
|---|---|

THE PARTICULARS ARE (If additional space is needed, attach extra sheet (s)):

### SEE ATTACHED STATEMENT OF PARTICULARS

| :I want this charge filed with the EEOC and PHRC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Charging Party (signature)<br><br>Date **June 29, 2018** | |

2018 JUN 29 P 2:02 RECEIVED - EEOC PHILADELPHIA D.O.

# RANDOLPH W. KEUCH
## Charging Party

v.

# TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICALS INDUSTRIES, Ltd., KÅRE SCHULTZ (as President and CEO Teva Pharmaceuticals Industries, Ltd.) and TAL ZORMAN (as SVP Talent Management)
## Respondents

---

# STATEMENT OF PARTICULARS

## INTRODUCTION

1.      Charging Party Randolph W. Keuch ("Keuch" or "Charging Party") files this Charge on his own behalf, and on behalf of all similarly situated employees of Teva Pharmaceuticals USA, Inc. ("Teva US") and Teva Pharmaceuticals Industries, Ltd. ("Teva Worldwide") (collectively "Teva") employed in the United States against Teva US, Teva Worldwide, Kåre Schultz (President and CEO of Teva Worldwide) and Tal Zorman, (SVP Talent Management) pursuant to the applicable provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 *et seq.* (all collectively referred to as "Respondents") This Charge is submitted for resolution by the federal agency as well as resolution by the Pennsylvania Human Relations Commission upon the cross-filing with those Commissions pursuant to the current Work Sharing Agreement between and among the agencies).  While the ADEA does not permit claims against the individual Respondents, Schultz and Zorman, they are named here as aiding and abetting Charging Party's selection for termination of his employment as permitted under the PHRA.

2.      Charging Party's claims are properly and adequately based upon the failure of Respondents to properly evaluate the performance of the Charging Party and other employees for retention during a broad reduction of force of employees of Teva US and Teva Worldwide.

3.      The Charging Party brings this action to remedy past and ongoing discrimination within Teva affected by and at the direction of Schultz generally, and

Zorman as it relates to the decision to select Keuch for termination and replace him with a substantially younger but less credentialed and qualified individual employed by Teva Worldwide in Weston, Florida who was one of his direct reports.

## THE PARTIES

### The Charging Party, Randolph W. Keuch

4. Charging Party was born on May 27, 1954 and is currently 64 years of age.

5. Charging Party was employed by Teva as Senior Director of Total Rewards (compensation and benefits) for the Americas and from the inception of his employment in January 2014 worked at the U.S. Headquarters at 1090 Horsham Road, North Wales, Pennsylvania.

6. At all times applicable to the present Charge of Discrimination, Charging Party is and has been an "employee" as that term is defined in the applicable federal and state anti-discrimination statutes.

7. Charging Party is a nationally recognized leader in compensation and benefits.

8. While employed by Teva, he led the Total Rewards Center for the Americas providing subject matter expertise for and cutting edge solutions to all facets of total rewards issues and with his team achieved, *inter alia*, the following notable results:
- Secured recognition in 2016 and 2017 by NBGH and *Fortune Magazine* as one of Best Employers for Healthy Lifestyles
- Successfully integrated three (3) major acquisitions in the Americas Region (Rimsa-Mexico, Actavis-Global, and Anda-US)
- Developed and launched a global recognition program for Teva
- As a U.S. issuer, contributed to SEC proxy aspect for U.S.-based NEOs
- Developed a global long-term incentive plan for Biologics
- Developed and launched an innovative Total Rewards Portal for all U.S. and Canadian employees
- Developed and implemented a rolling three-year benefits strategy for the U.S. that saved over $30,000,000 in 2015, 2016 and 2017 while driving employee knowledge and positive perspective on their benefits to levels that are twenty percentage points (20%) above the norm for high performing companies
- Developed and implemented pay alignment strategies for the U.S. and Canada resulting in a significant decline in turnover and improved new hire acceptance ratios
- Designed and approved all sales compensation programs and contests within the region

2

- Implemented the Willis Towers Watson Global Grading System and their REWARD tool throughout the region

9. Prior to becoming employed by Teva in January 2014, Charging Party was employed most recently by: the H.J. Heinz Company V.P. Total Rewards, 2005-2013); The Hartford (AVP, Compensation-P&C Division, 2004-2005); Pfizer, Inc. (Corporate Director, Strategic Rewards and Director, Pfizer Consumer Group Compensation, 1998-2004); and SmithKline Beecham (Corporate Director, Compensation Strategy and Director, Human Resource Planning, Systems and Compensation,1994-1998). A copy of his full resume is attached as Exhibit "A".

10. Charging Party's educational background also demonstrates excellence in his chosen profession, Plaintiff received both a Bachelor of Science degree (BS, Industrial and Organizational Psychology, with Honors and Thesis) and a Masters of Science degree (MS, Applied Psychology) from the Stevens Institute of Technology. Charging Party also completed courses and programs in Human Resource Management (George Mason University) and Leadership (Harvard University).

11. Charging Party is a Certified Executive Compensation Professional and has received honors and held positions in connection with his chosen profession, *inter alia*, as follows:
- Recipient of the American Compensation Association Lifetime Achievement Award
- Service on the Board of Directors for the National Business Group on Health (2010-2014)
- Service on the Customer Advisory Board for Fidelity Investments (2009-2013)
- Chair of the Executive Compensation Advisory Board for WorldAtWork (2008-2011)
- Adjunct Professor at Trenton State University

## Respondent, Teva Worldwide

12. Respondent, Teva Pharmaceutical Industries, Ltd. is an Israeli publicly held (NYSE), multinational pharmaceutical company headquartered in Petah Tikva, Israel. It specializes primarily in generic medicines, but other business interests include active pharmaceutical ingredients and proprietary pharmaceuticals. It is the largest generic drug manufacturer in the world leveraging its portfolio of more than 1800 molecules to produce a wide range of generic products in every therapeutic area and one of the fifteen (15) largest pharmaceutical companies worldwide. Teva's total revenue in 2017 was $22.4 billion.

13. At all time applicable to the present Charge, Respondent Teva Worldwide was the joint employer of those persons employed by its wholly-owned subsidiary, Teva US, including the Charging Party herein, and employs over 57,000 people around the world.

**Respondent, Teva US**

14. At all times applicable to the present Charge, Respondent Teva US was the joint employer of the Charging Party and employed over 10,000 people in the United States.

**Respondent Kåre Schultz**

15. Respondent, Kåre Schultz became the President and CEO of Teva Worldwide in 2017, and at all time relevant to the present Charge, directed and actively aided and abetted the discriminatory actions that led to the discharge of the Charging Party and other employees over the age of forty (40) years.

**Respondent Tal Zorman**

16. Respondent Tal Zorman, SVP Talent Management was Charging Party's immediate supervisor, was responsible for selecting Charging Party for dismissal as part of the reduction in employees and actively aided and abetted the discriminatory actions that led to the discharge of the Charging Party and other employees over the age of forty (40) years.

**All Respondents**

17. At all times applicable to this Charge of Discrimination, Respondents Teva Worldwide and Teva US were jointly the employer of the Charging Party as that term is defined in the controlling applicable federal and state anti-discrimination laws cited herein.

18. It is averred that Respondents Teva Worldwide and Teva US have affected intentional discrimination against the Charging Party and other employees over the age of 40 employed by Respondents in the selection of those older employees based on their age during the substantial reduction in its labor force first announced in November 2014. Those actions of the corporate Respondents were aided and abetted by the individual Respondents Schultz and Zorman in violation of the applicable terms of the PHRA.

## STATEMENT OF APPLICABLE FACTS

**Historical Events Leading to the Drastic Workforce Reductions**

19. In August 2016, Teva Worldwide completed its $40.5 billion acquisition of Allergan's generic drug business Actavis, requiring Teva to take out extensive loans. Further regulatory demands saw Teva sell some of Actavis' most profitable and low-competition products, reducing much of the acquired company's profitability.

4

20. At the same time, consolidation of buyers and greater regulatory fast-tracking of generics for Teva's competitors hurt Teva's cash flow both by sending generic drug prices plummeting and by leading to approval of generic versions of Teva's two-decade-long main revenue producing, brand name multiple sclerosis drug Copaxone.

21. Resulting consecutive quarters of lowered financial outlook and diminished reported and forecasted revenues casted doubts in the marketplace of Teva's ability to adequately carry the debt load caused by the above circumstances, leading to lowered credit ratings, negative views from investors and stocks spiraling down to a fifteen year low.

22. Additionally, in early 2017, Teva Worldwide was forced to pay fines to the United States Department of Justice ("DOJ") and the Securities and Exchange Commission ("SEC") totaling in excess of $520 Million to resolve federal violations of the Foreign Corrupt Practices Act ("FCPA") arising from bribery charges relating to its operations in Russia, the Ukraine and Mexico. Teva's settlement was the largest fine ever paid by a pharmaceutical company over FPCA violations.

23 These circumstances led to the hiring of Respondent Schultz as the the President and CEO of Teva Worldwide who was faced with the alternatives of cutting costs or rapidly grow revenues. Respondent Schultz chose the former, and in December suspended dividends on its common stock, ordered that no annual bonus payments be made to employees for the year 2017 and announced a reduction in the Teva employment force of 14,000 people, including 25% of the Teva US workforce.

24. Despite the imposition of these Draconian measures to save costs on the backs of employees and common stock investors, Respondent Schultz received, in addition to his base salary, a $20,000,000 cash payment included in his contract and entitlement to a performance-based target incentive bonus of 140% of his annual base salary, leading to criticism that he canceled the employee bonuses and ordered the reduction of the workforce to increase his own bonus that depended on how much money he could save for Teva.

25. In fact, the median annual pay of Teva's employees was $64,081 compared with Schultz's contractually obligated $19.37 million in total compensation.

26. Compensation levels for the other executives that caused the problems for Teva that led to the decision to affect the reductions in the workforce also did not abate. Teva's senior management continued to receive inflated salaries and bonuses The Actavis deal's engineer, Erez Vigodman who stepped down as CEO in February 2017 continued to receive a salary of $1.45 million for the next several months and a bonus of $2,000,000. Interim CEO Yitzhak Peterburg, who replaced Vigodman received a salary of $9.2 million for the eight months he served in that capacity.

### Historical Perspective of Charging Party's Employment Experience

27. Over the entire course of his employment, Charging Party met or exceeded the expectations and goals set by his supervisors. In a well-considered decision to continue his employment with Teva for the remainder of his career, Charging Party turned down acceptance of employment solicited by another corporate employer based upon the request of Teva who offered and paid him a retention bonus and provided him with a substantial raise to convince him to stay.

28. Charging Party was always considered a valuable managerial asset and his leadership permitted Teva US to experience properly planned and lawful long-range compensation and benefits savings equaling tens of millions of dollars.

29. However, evidencing a clear age-related bias, Teva implemented compensation policies that disfavored older workers like Charging Party who were reaching retirement age. That systemic unlawful approach was reflected in unannounced changes in the Teva 2015 Stock Plan that also revised the 2010 Plan by conditioning full vesting on ten years of service when the employee reaches 65 years (five years more than the earlier plan versions that previous set the bar at age 65 plus 5 years of service).

30. Age bias was also evidenced in the raising the age of retirement in the 2010 and 2015 equity plans to age 55 for those employees who had fifteen (15) or more years of service. The previous policy was one of extending retirement to any employee who age and total service equaled 70 a policy and the change negatively impacted older employees.

31. Charging Party additionally witnessed an age bias in the form of a rejection by Senior Vice President of Human Resources, Daniel Lawler of a candidate working as a contractor based upon his clearly discriminatory view that at her more advanced age she did not have "long term potential".

### Charging Party's Selection for Firing

32. Based upon the calamitous circumstances caused by executive Mismanagement, in November 2017, Schultz announced the intention to fire up to 20% of its global workforce and halt all 2017 bonuses as part of the streamlining plan aimed at countering the poor financial results described above, with most of the international firings expected to be in the United States as opposed to the company's European sites.

33. As part of the effort to meet the financial needs of Teva, in December 2017, Charging Party was asked to and outlined several alternate proposals that would meet the needs of Teva and not break the laws of the countries and states where Total Rewards employees were employed. Charging Party also volunteered to be relocated

to the Israeli headquarters to help plan cost saving measures that would reduce employee headcounts to levels that were existent at the time Charging Party was hired.

34. The suggested proposals made by Charging Party were not addressed and instead on January 2, 2018, Charging Party was advised that his employment would be terminated without any opportunity to accept a demotion to a position that would be retained.

35. Charging Party's termination became effective March 18, 2018

36. Charging Party was replaced by Eduardo Nasi, a South American direct report of the Charging Party who is 27 years younger than the Charging Party and has substantially less experience and ability than Charging Party to lead a diverse Total Rewards team.

37. Mr. Nasi's deployment into Charging Party's position did not affect any monetary savings for Teva and age was the sole motivating and determining ("but for") factor in the decision to promote Mr. Nasi and fire Charging Party.

38. At the time that his employment was terminated, Charging Party was compensated at a salary of $266,000 with cash and equity bonus targets of 30% and 40% respectively. Charging Party was also provided healthcare benefits in the amount of $1,927.33 per month.

39. As a direct result of the improper and unlawful actions of the Respondents, Charging Party has suffered and will continue to suffer losses of compensation and benefits. More specifically, based on an anticipated retirement at age 67, Charging Party will lose more than three and one half years of compensation and benefits in excess of $1.5 million and will lose retirement benefits and suffer a loss of net worth over his anticipated lifetime equaling more than $4.5 million.

## Class Allegations

40. Charging Party files this Charge of Discrimination individually and on behalf of all individuals over the age of forty years who have been terminated as a result of the discriminatory practices of Teva Worldwide and Teva US.

41. The claims of those persons who share the same denial of rights with the Charging Party share a commonality of interest, fact and law and arise from the same policies and practices that caused the termination of the employment of the Charging Party.

42. The investigation required to fully explore the unlawful actions of the Respondents will not be increased if the issues raised by the actions against the Charging Party are expanded to review the systemic nature of Respondent's

discrimination against all workers over the age of forty who have been affected by the Respondents discriminatory actions, policies and practices.

## STATEMENT OF LEGAL LIABILITY

43.     At all times applicable to this Charge, Charging Party was and is a older worker entitled to the full protections provided to older employees over the age of 40 years, by the terms of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.*

44.     The actions of the Respondents, in causing the aforesaid losses based upon their discrimination against Charging Party and other older workers similarly situated employed by Respondent, while treating younger, similarly situated employees better, constitute unlawful violations of the provisions of the ADEA and the PHRA.

45.     The unlawful actions of the Respondents constitute a continuing unlawful systemic pattern and practice of discrimination against older employees, in the terms and conditions of their employment, including decisions relating to promotions and discharge, as well as constituting continuing discrimination and retaliation against the Charging Party.

46.     The actions of the Respondents have been and continue to be willful and deliberate against older workers and were affected in deliberate indifference to the rights of the Charging Party and other similarly situated persons employed by Respondents and were affected in willful discrimination against Charging Party.

## RELIEF SOUGHT

47.     As a direct result of the unlawful actions of the Respondents, Charging Party is entitled to and seeks the following relief:

(a)     appropriate injunctive and monetary relief for Charging Party and each member of the class of employees over the age of 40 who he represents;

(b)     a monetary award to Charging Party and to the members of the class of employees over the age of 40 who he represents in an amount equal to: (i) any losses they have suffered and will suffer as a result of the unlawful actions of Respondent; and (ii) any losses Charging Party will suffer as a result of his separation from his employment with the Respondent employers;

(c)     a monetary award for compensatory damages for emotional distress and humiliation suffered by Charging Party for the discrimination affected against him, as well as that suffered by any member of the class of employees over the age of 40 who he represents, in an appropriate amount for each member of the class;

    (d) a monetary award for liquidated damages as allowed under the ADEA in an appropriate amount; and

    (e) and the award of reasonable attorneys' fees and the costs associated with the pursuit of this Charge.

IN THE UNITED STATES
EQUAL EMPLOYMENT OPPORTUNITY COMMISION

RANDOLPH W. KEUCH, Individually :
and on behalf of all other similarly :
situated employees of TEVA :
PHARMACEUTICAL INDUSTRIES, Ltd. :
and TEVA PHARMACEUTICALS USA, INC. :
employed in the United States of America :
                               **Charging Party** :
                                                               : **EEOC Charge**
                 **v.** :
                                                               : No. _____
:
TEVA PHARMACEUTICAL INDUSTRIES, Ltd., :
TEVA PHARMACEUTICALS USA, INC., :
KÅRE SCHULTZ and TAL ZORMAN :
                                    **Respondents.** :

## ENTRY OF APPEARANCE

Kindly enter the appearance of Alan B. Epstein, Esq. as counsel for Charging Party, Randolph Keuch, in connection with the above-captioned matter.

/s/ *Alan B. Epstein*
Alan B. Epstein, Esquire
Spector Gadon & Rosen, P.C.
1635 Market Street, Seventh Floor
Philadelphia, PA 19103
215-241-8888

*Counsel for Charging Party*
*Randolph Keuch*

Dated: June 29, 2018