# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH W. KEUCH, | : |
| | : CASE NO. 2:19-CV-05488 |
| Plaintiff, | : |
| | : |
| v. | : (MAGISTRATE JUDGE TIMOTHY |
| | : RICE) |
| TEVA PHARMACEUTICALS USA, INC., | : |
| TEVA PHARMACEUTICAL | : [ELECTRONICALLY FILED] |
| INDUSTRIES, Ltd., | : |
| KARE SCHULTZ (as President and CEO | : |
| Teva Pharmaceuticals Industries, Ltd.) and | : |
| RON YANIV (as SVP Global Compensation | : |
| and Benefits) | : |
| | : |
| | : |
| Defendant. | : |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS TEVA PHARMACEUTICAL INDUSTRIES LTD., KÅRE SCHULTZ, AND RON YANIV'S MOTION TO DISMISS DEFENDANTS FROM THIS CASE FOR LACK OF PERSONAL JURISDICTION, FAILURE TO EFFECTUATE SERVICE ON RON YANIV AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES WITH <u>RESPECT TO RON YANIV</u>**

STEVENS & LEE, P.C.
Larry J. Rappoport, Esquire
Attorney ID No. 26922
Brandon S. Shemtob, Esquire
Attorney ID No. 319246
Stevens & Lee, P.C.
1500 Market Street, Suite 1800, East Tower
Philadelphia, PA  19102
Telephone:  610-205-6039
Facsimile:  610-371-7977
E-mail:  ljr@stevenslee.com

*Attorneys for Defendants*

(i)

## I. INTRODUCTION

Defendants Teva Pharmaceutical Industries, Ltd. ("TPI") and Kåre Schultz ("Schultz")(collectively, the "Israeli Defendants[1]"), by and through their undersigned counsel, respectfully submit this Brief in Reply to Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss ("Plaintiff's Opposition Brief"). The Israeli Defendants respectfully submit this reply to address issues newly raised in Plaintiff's Opposition Brief.[2]

## II. PLAINTIFF CONFUSES THE CONCEPT OF POTENTIAL LIABILITY WITH JURISDICTION

### A. JOINT EMPLOYER STATUS IS IRRELEVANT TO THE PERSONAL JURISDICTION ANALYSYS

In Plaintiff's Opposition Brief, Plaintiff argues that Teva USA and TPI are joint employers. Plaintiff goes on to state that he appropriately pled facts establishing this joint employer relationship and that at the motion to dismiss stage, it is premature for a court to determine whether or not two entities are in fact joint employers.

Plaintiff's argument misses the point entirely. While a determination as to whether Teva USA and TPI are in fact joint employers may be relevant for liability purposes, it is not relevant to the personal jurisdiction analysis. *See In re Enter. Rent–A–Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 328 (W.D. Pa. 2010), *aff'd*, 683 F.3d 462 (3d Cir. 2012) (explaining that courts have recognized that "the joint employer theory and similar concepts are relevant for determining liability, but are not for determining whether a court may exercise personal jurisdictional over a party."); *Horowitz v. AT&T Inc.*, No. 3:17-CV-4827-BRM-LHG, 2018 WL 1942525, at *7 (D.N.J. Apr. 25, 2018) (explaining that "single employer" or "joint employer"

---

[1] In Plaintiff's Opposition Brief, Plaintiff agreed to dismiss all claims against Ron Yaniv.
[2] Teva Pharmaceuticals USA, Inc. ("Teva USA") was served on January 6, 2020, and filed an Answer on January 27, 2020. Teva USA does not challenge the Court's exercise of personal jurisdiction over it in this matter.

1

theories "and similar concepts are relevant for determining liability, but are not for determining whether a court may exercise personal jurisdiction over a party."; *Moreau v. Air France*, 356 F.3d 942, 944 (9th Cir. 2004) (stating joint employment does not determine personal jurisdiction); *Campanelli v. Image First Unif. Rental Serv., Inc.*, No. 15–04456, 2016 WL 4729173, at *7 (N.D. Cal. Sept. 12, 2016) ("[B]asing personal jurisdiction on joint employer status ... appears to be the minority view..... Even if [defendant] were liable under a 'joint employer' theory, this does not establish that a separate, non-resident corporate entity without minimum contacts can be hailed into a California court."); *E.E.O.C. v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 525–26 (S.D. Tex. 2012) ("The integrated enterprise theory ... is a liability standard ... not a jurisdictional standard."); *Heidbrink v. ThinkDirect Mktg. Grp., Inc.*, No. 14–1232, 2014 WL 3585698 at *4 (M.D. Fla. 2014) ("A joint employer theory is relevant to establish liability against a defendant under the FLSA; it is not relevant to establish specific jurisdiction.").

These cases make clear that it is improper to conflate the issue of potential joint employer liability with the personal jurisdiction analysis, as liability and jurisdiction are two separate inquiries. It is telling that throughout Plaintiff's Opposition Brief, Plaintiff does not cite a single case which stands for the proposition that joint employer status has any bearing on personal jurisdiction.

### B. AIDING AND ABETTING IS NOT A JURISDICTIONAL ALLEGATION

Plaintiff next alleges in a conclusory fashion that Schultz "aided and abetted" the alleged discriminatory actions and, therefore, is liable for a violation of the Pennsylvania Human Relations Act. However, Plaintiff again confuses the difference between potential liability and jurisdiction. The jurisdictional analysis is not focused on whether or not Schultz aided and abetted the discriminatory conduct (a fact that the Israeli Defendants adamantly deny), but rather,

2

whether or not Schultz purposefully directed any unlawful conduct toward the forum state. Plaintiff still fails to allege any facts that support such a conclusion.  For example, Plaintiff does not assert that Schultz traveled to Pennsylvania, was actively involved in the selection of Plaintiff for termination in Pennsylvania, or had any contact whatsoever with Pennsylvania.  In fact, with the exception of noting that Plaintiff resides and worked in Pennsylvania, the term "Pennsylvania" does not appear elsewhere in the Complaint.

As it is clear that liability and jurisdiction are entirely separate concepts, the only portion of Plaintiff's Opposition Brief that is relevant to the personal jurisdiction analysis is section 1.C, which purports to discuss the "jurisdictional" facts pled by Plaintiff.  However, Plaintiff again fails to satisfy his burden to show by preponderance of the evidence that personal jurisdiction is proper. *See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992) (explaining that once a defendant raises as a defense the court's lack of personal jurisdiction in a 12(b)(2) motion, the plaintiff bears the burden of proof to show by a preponderance of the evidence that the Court may properly assert personal jurisdiction over the defendant or in this case the defendants).

Rather, Plaintiff's only asserted "jurisdictional" facts are red herrings (as discussed above): (1) that Plaintiff was jointly employed by TPI and Teva USA; and (2) that Schultz aided and abetted TPI's alleged unlawful actions.  However, as discussed previously, **these are not jurisdictional allegations**—they are liability-related allegations.  They have absolutely nothing to do with either TPI or Schultz's contacts with the forum state.  Accordingly, because Plaintiff has failed to point to any jurisdictional facts that support a finding of personal jurisdiction over either TPI or Schultz, the Court should grant the Israeli Defendants' motion in its entirety.

## III. <u>PLAINTIFF FAILS TO DISCUSS THE BURDEN PLACED ON SCHULTZ TO DEFEND A LAWSUIT IN A FOREIGN COUNTRY</u>

In addition to failing to allege that Schultz purposefully directed any activity toward Pennsylvania, Plaintiff also failed to address that hauling Schultz into Court in Pennsylvania would not comport with traditional notions of fair play or substantial justice. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317, 66 S. Ct. 154, 154. Schultz, as the CEO of TPI, makes decisions on a daily basis affecting employees located in approximately 60 countries across the globe. To subject him to jurisdiction in each location in which an employee suffers an adverse employment action would result in him being subject to jurisdiction in every state in America as well as in at least 59 other countries across the globe. As discussed in the Israeli Defendants' initial brief, Courts have consistently held that such unlimited jurisdiction does not comport with notions of due process. *See Merical v. Valor Healthcare, Inc.*, No. CIV.A. 12-1681, 2013 WL 5408986, at *5 (W.D. Pa. Sept. 25, 2013); *Simpson v. Lifespring, Inc.*, 572 F. Supp. 1251, 1253 (E.D. Pa. 1983); *Professional Services Group, Inc. v. American Digital Systems, Inc.*, 555 F.Supp. 788, 792 (E.D.Pa.1983).

Additionally, the burden on Schultz, who works and resides in Israel, to defend himself against litigation in Pennsylvania would be great. Not only is Schultz located over 5,000 miles away from Pennsylvania, but he is also the CEO of a Fortune 500 company on the front lines of manufacturing and distributing life-saving pharmaceutical products during a COVID-19 global pandemic. Hauling Schultz into court in Pennsylvania to defend against a case brought by one of thousands of employees who were laid off and of which he has no personal knowledge of the facts would be an extremely heavy and inappropriate burden.

## IV. **FEDERAL LAW DOES NOT SAVE PLAINTIFF'S CLAIMS**

Plaintiff next attempts to rely on Federal Rule of Civil Procedure 4(k)(2) in an attempt to spare its claims against TPI from dismissal.[3]  Rule 4(k)(2), colloquially termed the "federal long-arm statute," sanctions personal jurisdiction over foreign defendants for claims arising under federal law when the defendant has sufficient contacts with the nation as a whole to justify the imposition of U.S. law, but is without sufficient contacts to satisfy the due process concerns of the long-arm statute of any particular state. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 n. 7 (3d. Cir.2003).  Under this paradigm, a court may exercise specific personal jurisdiction over a defendant where the defendant has purposefully directed his activities at residents of the United States and the litigation results from alleged injuries that 'arise out of or related to' those activities. *Skold v. Galderma Labs.*, L.P., 99 F. Supp. 3d 585, 602–03 (E.D. Pa. 2015).

In other words, for a Court to constitutionally exercise personal jurisdiction over a foreign defendant under Rule 4(k)(2), the following three prongs must be satisfied: (1) there must be a claim arising under federal law; (2) the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant must have sufficient contacts with the United States as a whole so that the court's exercise of personal jurisdiction over the defendant comports with the due process requirements of the Constitution or other federal law. *Skold*, 99 F. Supp. 3d 585, 603 (E.D. Pa. 2015).  Because Plaintiff cannot satisfy the third prong of this analysis, he cannot rely on Rule 4(k)(2) to assert jurisdiction over TPI.

Plaintiff argues that he has satisfied this third prong based upon his allegation that TPI and Teva USA are joint employers.  However, and as discussed at length herein, the alleged joint employer status of TPI and Teva USA is irrelevant for purposes of establishing personal

---

[3] Plaintiff correctly identifies that Rule 4(k)(2) is inapplicable to his claims against Schultz.

5

jurisdiction. Rather, the joint employer status relates to potential liability. Further, TPI does not have sufficient contacts with the United States to support a finding of personal jurisdiction. As discussed in the Herman Affidavit: TPI is not incorporated in any state in the United States, nor has it qualified to do business in the United States (Herman Aff. at ¶ 8). TPI has not filed or sought to file Articles of Incorporation or qualifications to do business in any state in the United States at any time (Herman Aff. at ¶ 9). TPI has no offices or comparable facilities anywhere in the United States and it has no telephone listings or mailing address in the United States (Herman Aff. at ¶ 10). TPI does not have any manufacturing operations in the United States, nor does it have any other physical presence in the United States (Herman Aff. at ¶ 11). TPI has not designated any person in the United States as its authorized agent for service of process, and it has not filed or indicated its consent to service of process in the United States (Herman Aff. at ¶ 12). TPI does not own, lease, possess, or maintain and has not owned, leased, possessed, or maintained any real or personal property, office, residence, or place of business in the United States at any time (Herman Aff. at ¶ 13). TPI does not direct any of its advertising specifically toward residents of the United States, nor does it advertise in any publications that are directed primarily toward residents of the United States (Herman Aff. at ¶ 14). Lastly, TPI does not and has never employed any employees in the United States (Herman Aff. at ¶ 15). Because Plaintiff has failed to allege facts to support the notion that TPI purposefully directed its activities at the United States, his attempt to utilize Rule 4(k)(2) must fail.

## V. **JURISDICTIONAL DISCOVERY IS NOT WARRANTED IN THIS MATTER**

Plaintiff is correct that as a general rule, jurisdictional discovery is allowed unless the claim of jurisdiction is "clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003). However, Courts have explained that in order to demonstrate that the claim is not clearly frivolous, the plaintiff must "present[ ] factual allegations that suggest with

6

reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011).  The Third Circuit has also cautioned against allowing jurisdictional discovery to serve as "a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir.2010); *See also Fatouros v. Lambrakis*, 627 F. App'x 84, 88 (3d Cir. 2015) (upholding denial of jurisdictional discovery where plaintiff failed to present factual allegations that suggested with reasonable particularity the possible existence of the requisite minimum contacts).

      Here, Plaintiff's allegations supporting jurisdiction over both TPI and Schultz are threadbare.  With respect to TPI, Plaintiff's Opposition Brief makes clear that its allegations hinge on TPI and Teva USA's status as a joint employer.  However, such a determination is not relevant to whether or not TPI purposefully directed any activity toward Pennsylvania.  Further, TPI has already produced an affidavit from Doron Herman, Senior VP of Global Tax for TPI, in which Mr. Herman has addressed TPI's lack of contact with Pennsylvania or the United States as a whole.

      Jurisdictional discovery is even less compelling with respect to Schultz, as Courts within this Circuit have explained that jurisdictional discovery generally relates to corporate defendants and the question of whether they are "doing business" in the state. *See Compagnie Des Bauxites*, 723 F.2d at 362.  Where the defendant is an individual, the presumption in favor of discovery is reduced. *See Shaw v. Boyd*, 658 F.Supp. 89, 91 n. 1 (E.D.Pa.1987); *Doe v. Hesketh*, 15 F. Supp. 3d 586, 601 (E.D. Pa. 2014) (recognizing that jurisdictional discovery is generally for corporate defendants and denying jurisdictional discovery with respect to individual defendants).  Here, the Court should not subject Schultz, the CEO of a parent company, to jurisdictional discovery based

7

upon Plaintiff's completely conclusory allegation that Schultz aided and abetted the alleged unlawful actions of a subsidiary company. This is especially true where Plaintiff has failed to even allege that Schultz had personally met or spoken to Plaintiff. Rather, Plaintiff's request for jurisdictional discovery is simply a fishing expedition into a parent company and its CEO located across the globe. The Court should not permit such conduct.

## VI. CONCLUSION

For the foregoing reasons, the Israeli Defendants respectfully requests that the Court grant their Motion to Dismiss in accordance Fed. R. Civ. P. 12(b)(2) and dismiss the Complaint against them with prejudice; and grant any such further relief as the Court deems appropriate.

>Respectfully submitted,
>
>STEVENS & LEE, P.C.
>
>By: */s/ Larry J. Rappoport*
>    Larry J. Rappoport, Esquire
>    Attorney ID No. 26922
>    Brandon S. Shemtob, Esquire
>    Attorney ID No. 319246
>    Stevens & Lee, P.C.
>    1500 Market Street, Suite 1800, East Tower
>    Philadelphia, PA  19102
>    Telephone:  610-205-6039
>    Facsimile:  610-371-7977
>    E-mail:  ljr@stevenslee.com
>    E-mail:  bss@stevenslee.com
>
>    *Attorneys for Defendants*

Dated:  October 12, 2020

## **CERTIFICATE OF SERVICE**

       I, Larry J. Rappoport, certify that on this date, I electronically filed a copy of Defendants' Teva Pharmaceutical Industries, Ltd., Kåre Schultz, and Ron Yaniv's, Brief in Reply to Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss, which was made available for viewing via the Court's electronic filing system, and thereby effected service upon counsel for Plaintiff:

> Alan B. Epstein, Esquire
> Jennifer Myers Chalal, Esquire
> Spector, Fagon Rosen Vinci, P.C.
> Seven Penn Center
> 1635 Market Street, Seventh Floor
> Philadelphia, PA 19103

                                                   /s/ Larry J. Rappoport

Date:  October 12, 2020

10/12/2020 SL1 1660746v3 030421.00713