# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDOLPH KEUCH, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TEVA PHARMACEUTICALS USA, INC., | : | No. 19-5488 |
| et al., | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

**TIMOTHY R. RICE**                                                                                                               November 19, 2020
**U.S. MAGISTRATE JUDGE**

Plaintiff Randolph Keuch claims that Defendants Teva Pharmaceuticals Industries, Ltd. ("Teva Worldwide"), Käre Schultz, Teva Pharmaceuticals USA, Inc. ("Teva US"), and Ron Yaniv violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA").  Compl. (doc. 1). Teva Worldwide, Schultz, and Yaniv (collectively, the "Israeli Defendants") seek dismissal based on a lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[1]  See Mot. to Dismiss (doc. 25).  Yaniv also moves to dismiss for failure to effectuate service and exhaust administrative remedies.  Id.

Keuch does not oppose the dismissal of all claims against Yaniv, stating "resolution of Yaniv's claim that he was not properly served would require factual discovery that would impede the progress of the case."  Resp. (doc. 27) at 1, n.1.  All claims are dismissed against

---

[1] In support of their motion to dismiss, the Israeli Defendants have attached an affidavit from Doron Herman, Teva Worldwide's Senior Vice President of Global Tax.  See Motion to Dismiss, Ex. A.  Herman avers that Teva Worldwide "does not dominate or control the day-to-day operations of Teva USA" and "does not and has never employed any employees in Pennsylvania or the United States of America." Id. ¶¶ 7, 15.

Yaniv with prejudice. Keuch asserts he has set forth a *prima facie* case of personal jurisdiction against Teva Worldwide and Schultz that precludes dismissal or at least permits jurisdictional discovery. See id. at 2, 18-19. Although Keuch has failed to meet his burden at this stage of establishing personal jurisdiction against Teva Worldwide and Schultz, Keuch may seek limited written and document discovery to establish jurisdiction over Teva Worldwide. Discovery is denied as to Schultz.

I.  Facts[2]

Teva Worldwide is a multinational pharmaceutical company based in Petah Tikva, Israel. Compl. ¶ 17. Teva US is its wholly-owned subsidiary headquartered in North Wales, Pennsylvania. Id. ¶ 10. Teva Worldwide was the "joint employer of those persons employed by . . . Teva US," including Keuch and thousands of other employees around the world. Id. ¶¶ 18-19, 34. Schultz is the President and CEO of Teva Worldwide and "actively aided and abetted the discriminatory actions that led to the termination of employment" of Keuch and other employees over 40 years-old. Id. ¶¶ 20-21.

From January 2014 to March 2018, Keuch worked for Teva US and Teva Worldwide as Senior Director of Total Rewards in the company's Pennsylvania offices. Id. ¶¶ 10, 43. During that time, Teva Worldwide and Teva US "implemented compensation policies that disfavored older workers," including changes in the vesting requirements of the Teva stock plan and the age of retirement in the equity plans. Id. ¶¶ 36-37. Teva Worldwide and Teva US also "initiated a punitive severance plan paid to US employees" and engaged in age discrimination when hiring employees. Id. ¶¶ 38-39.

---

[2] I accept Keuch's allegations as true and draw any factual disputes in his favor. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

In December 2017, at Schultz's direction, Teva Worldwide and Teva US announced a 25% reduction in the Teva US workforce.  Id. ¶ 28.  In March 2018, Keuch was terminated from Teva US and replaced by a subordinate who was 27 years younger than him.  Id. ¶¶ 43-44.

II.     Discussion

Plaintiff must establish that personal jurisdiction exists, Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007), by showing "with reasonable particularity sufficient contacts between the defendant and the forum state."  Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 950 F.2d 1217, 1223 (3d Cir. 1992) (citing Provident Nat. Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987)).  This demands "sufficient facts to establish that jurisdiction is proper."  Mellon Bank, 950 F.2d at 1223.

To establish personal jurisdiction, the defendant must have "minimum contacts" with Pennsylvania consistent with "traditional notions of fair play and substantial justice."[3]  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The defendant's "conduct and connection with the forum State [should be] such that he should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Personal jurisdiction exists over a defendant where: (1) the defendant purposefully directed its activities at the forum state; (2) the litigation arose out of or relates to at least one of those activities; and (3)

---

[3]     I determine personal jurisdiction over non-resident parties by applying the Pennsylvania long-arm statute, which provides for jurisdiction based on the most minimum contact with Pennsylvania allowed under the Due Process Clause of the United States Constitution.  See O'Connor v. Shady Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (federal district court exercises jurisdiction over non-resident parties according to the law of the forum state); 42 Pa. C.S. § 5322(b).

the exercise of jurisdiction comports with fair play and substantial justice.[4] O'Connor, 496 F.3d at 317.

    A. Teva Worldwide

Keuch alleges Teva Worldwide purposefully maintained activities in Pennsylvania by acting as his joint employer, and by directing the unlawful termination of Pennsylvania employees. Resp. at 8, 15; see also Compl. ¶¶ 18-19, 22. Both allegations of personal jurisdiction fail. Keuch's joint employer theory has no bearing on jurisdiction, and his allegations regarding his termination lack factual support to suggest "with reasonable particularity" the possible existence of minimum contacts between Teva Worldwide and Pennsylvania.

    1. Joint Employer Theory

A joint employment relationship exists when "one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." NLRB v. Browning-Ferris Industries of Pennsylvania, 691 F.2d 1117, 1123 (3d Cir. 1982). Thus, two entities can be "joint employers" for purposes of Title VII. Faush v. Tuesday Morning, Inc., 808 F.3d 208, 215 (3d Cir. 2015). Alleging this theory of liability alone fails to

---

[4] Although I can also exercise general personal jurisdiction over non-resident parties, Keuch does not assert that the Israeli Defendants are subject to general jurisdiction. See Resp. at 1 n.2; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984) (general personal jurisdiction is present when defendant has "continuous and systematic general business contacts with the forum state). Keuch also has not alleged that Teva Worldwide was an alter ego of Teva US, an argument generally made when a plaintiff is claiming there is personal jurisdiction over a foreign parent company defendant. See Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 780 (3d Cir. 2018).

confer personal jurisdiction.[5]  In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation, 735 F. Supp. 2d 277, 328 (W.D. Pa. 2010) (finding the plaintiff's joint employer theory irrelevant for determining personal jurisdiction), aff'd, 683 F.3d 462 (3d Cir. 2012); Horowitz v. AT&T Inc., No. 3:17-CV-4827, 2018 WL 1942525, at *7 (D.N.J. Apr. 25, 2018) ("'single employer' or 'joint employer' theories 'and similar concepts are relevant for determining liability, but are not for determining whether a court may exercise personal jurisdiction over a party'").

    2.   Keuch's Work Responsibilities and Termination in Pennsylvania

Keuch also alleges that he performed services for Teva Worldwide while working for Teva US.  See Resp. at 4; Compl. ¶¶ 15, 35.  Even if such allegations demonstrated purposeful activity by Teva Worldwide directed to Pennsylvania, they do not relate to Keuch's claims of discrimination for purposes of establishing personal jurisdiction.  O'Connor, 496 F.3d at 317 (specific personal jurisdiction requires the litigation to arise from the direct contact between defendant and the forum).

Similarly, Keuch claims that Teva Worldwide implemented the alleged discriminatory scheme.  Resp. at 4; Compl. ¶ 2 ("Plaintiff's claims are properly and adequately based upon the failure of Defendants to properly evaluate Plaintiff's performance. . . during a broad reduction of force of employees of Teva US and Teva Worldwide."), ¶ 23 ("Defendants Teva Worldwide . . . have affected the intentional discrimination against the Plaintiff and other employees over the age of 40"), ¶ 36 ("Teva implemented compensation policies that disfavored older workers like Plaintiff who were reaching retirement age").  Such broad and conclusory allegations lack any

---

[5]    Keuch also notes the "single employer doctrine" as an alternative theory of liability.  Resp. at 9 n.4.  This theory of liability also has no bearing on determining jurisdiction.  See Horowitz, 2019 WL 77306 at *7.

facts to support minimum contacts between Teva Worldwide and Pennsylvania and to justify exercising personal jurisdiction.[6]  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (legal conclusions submitted as factual allegations are insufficient to state a facially plausible claim); Nespresso USA, Inc. v. Ethical Coffee Company SA, 263 F. Supp. 3d 498, 507 (D. Del. 2017) (courts have discretion to dismiss parties for lack of jurisdiction when a plaintiff only provides legal conclusions about contacts with a forum state) (citing Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1074 n.1 (8th Cir. 2004)).

B.  Schultz

Keuch argues Schultz is subject to personal jurisdiction based on his allegations that Schultz directed and actively aided and abetted the discriminatory actions that led to his termination.  Resp. at 5, 8; Compl. ¶¶ 20, 23, 40, 72.  Those allegations constitute legal conclusions, void of factual support, and fail to establish personal jurisdiction over Schultz.  See Iqbal, 556 U.S. at 678; Gov't Employees Ins. Co. v. Nealey, 262 F. Supp. 3d 153, 162 (E.D. Pa. 2017) ("plaintiff must allege 'specific facts'—not vague or conclusory assertions," to demonstrate personal jurisdiction).  Keuch alleges no facts suggesting that Schultz "intentionally targeted" and "focused" his conduct at Pennsylvania so that he could reasonably anticipate being sued here.  Neff v. PKS Holdings, LLC, No. 18-1826, 2019 WL 3729568, at *8 (E.D. Pa. Aug. 8, 2019) (plaintiff must allege a party "expressly aimed" its conduct at the forum state to establish personal jurisdiction).

---

[6]  Keuch also asserts that personal jurisdiction exists under the federal long-arm statute, which grants federal courts personal jurisdiction in cases based on federal law involving foreign entities that have not had sufficient contacts with one forum, but have had sufficient contacts with the United States as a whole.  Toys "R" Us, Inc., 318 F.3d at 455 n.7; Fed. R. Civ. P. 4(k)(2).  Keuch fails to allege any fact supporting a plausible claim of contact between the Israeli Defendants and the United States as a whole.  See Compl.

Hauling Schultz into court in Pennsylvania also would offend "traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 317. Even if it is foreseeable that the highest-ranking corporate officer's conduct out of the country may impact employees in the United States, the exercise of jurisdiction in such circumstances would violate due process. PSC Prof'l Servs. Grp., Inc. v. Am. Digital Sys., Inc., 555 F. Supp. 788, 793 (E.D. Pa. 1983). "Were the law otherwise, officers of corporations operating in several states would be faced with a Hobson's choice. They must either disassociate themselves from the corporation or defend the propriety of their conduct in a distant forum." Id.; see also Merical v. Valor Healthcare, Inc., No. 12-1681, 2013 WL 5408986, at *5 (W.D. Pa. Sep. 25, 2013) (subjecting a defendant to personal jurisdiction because of his actions taken in his corporate capacity "does not comport with the notions of due process") (quoting Simpson v. Lifespring, Inc., 572 F. Supp. 1251, 1253 (E.D. Pa. 1983). I dismiss Schultz from this matter with prejudice.

C. Discovery

Keuch alternatively argues that I should allow discovery to help him establish jurisdiction over Teva Worldwide and Schultz. Resp. at 18.

"[J]urisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous.'" Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997). Keuch must present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite contacts between the party and the forum state.'" Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003). Jurisdictional discovery is "particularly appropriate where the defendant is a corporation." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009).

Because Keuch's allegations suggest that Teva Worldwide may have been involved in his termination, he may pursue limited written and document discovery concerning the narrow topic of whether Teva Worldwide was involved in the termination decision that resulted in his dismissal.  Because Keuch has failed to present any allegations against Schultz that suggest minimum contacts with Pennsylvania and jurisdiction would offend traditional notions of fair play and substantial justice, I deny jurisdictional discovery related to Schultz.  See Mass. Sch. of Law at Andover, 107 F.3d at 1042 ("Where the defendant is an individual, the presumption in favor of discovery is reduced.").

An appropriate Order accompanies this Opinion.