**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RANDOLPH W. KEUCH, | : | |
| | : | CASE NO. 2:19-CV-05488 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | [ELECTRONICALLY FILED] |
| TEVA PHARMACEUTICALS USA, INC., | : | |
| And TEVA PHARMACEUTICAL | | |
| INDUSTRIES, Ltd., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Teva Pharmaceuticals USA, Inc.[1] ("Defendant TUSA") hereby answers the

above-captioned Amended Complaint of Plaintiff Randolph Keuch ("Plaintiff" or "Keuch") in

accordance with the numbered paragraphs thereof as follows:

**JURY TRIAL**

Defendant TUSA admits that Plaintiff demands a trial by jury in this matter.

**INTRODUCTION**

1. Admitted in part, denied in part.  Defendant TUSA admits only that Plaintiff purports

to bring this action on his own behalf, and on behalf of all similarly situated employees pursuant

to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.* and the

Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 *et seq.*  Defendant TUSA denies

that it engaged in any unlawful conduct under any of these laws and denies that Plaintiff is

---

[1] In Plaintiff's Amended Complaint, Plaintiff defines "Teva" to include both Defendant TUSA and Teva
Pharmaceuticals Industries, Ltd ("TPI"). For the avoidance of any doubt, this answer is being filed on behalf of
Defendant TUSA only.  The Plaintiff was employed by Defendant TUSA and was never an employee of TPI.
Nothing contained herein shall be intended to be a response on behalf of TPI.  Further, by responding to paragraphs
directed toward the collective "Teva" Defendant TUSA does not admit that it is a joint employer or single entity
with TPI.

entitled to any relief from Defendant TUSA.  By way of further response, Defendant TUSA denies that this matter is properly a class action matter.

2.  Admitted in part, denied in part.  Defendant TUSA admits only that Plaintiff purports to bring the claims referenced in Paragraph 2 of the Amended Complaint.  Defendant TUSA denies that any of Plaintiff's claims have merit and specifically denies that it has discriminated against Plaintiff or any other employee on the basis of such employee's age or that it failed to properly evaluate any employee's performance.

3.  Admitted in part, denied in part.  Defendant TUSA admits only that Plaintiff purports to bring the claims referenced in Paragraph 3 of the Amended Complaint.  Defendant TUSA denies that any of Plaintiff's claims have merit and specifically denies that it has discriminated against Plaintiff or any employee on the basis of such employee's age, that it replaced Plaintiff, or that Kåre Schultz directed any discriminatory behavior.

## JURISDICTION

4.  Paragraph 4 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA does not contest subject matter jurisdiction.

5.  Paragraph 5 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA does not contest subject matter jurisdiction.

6.  Paragraph 6 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent that a response is required, Defendant TUSA denies that this matter is properly a class action matter.

2

**VENUE**

7.  Paragraph 7 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA does not contest venue.

8.  Paragraph 8 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA does not contest venue.

**THE PARTIES**

**The Plaintiff, Randolph W. Keuch**

9.  Admitted upon information and belief.  By way of further response, Plaintiff was hired by Defendant TUSA just months before his 60th birthday.

10.  Admitted in part, denied in part.  By way of further response, Defendant TUSA admits that Plaintiff was employed by Defendant TUSA only as Senior Director of Total Rewards for the Americas and worked at 1090 Horsham Road, North Wales, Pennsylvania.  By way of further response, Defendant TUSA is no longer headquartered at 1090 Horsham Road, North Wales, Pennsylvania.

11.  Paragraph 11 of the Amended Complaint states only conclusions of law to which no response is required.

12.  Denied.  By way of further response, the term "leader" is overly vague and ambiguous because it does not provide a definition of what constitutes a "leader."

13.  Denied.  Defendant TUSA lacks knowledge or information sufficient to form a belief as to Plaintiff's prior employment history, and therefore denies those allegations.

14.  Denied.  Defendant TUSA lacks knowledge or information sufficient to form a belief as to Plaintiff's prior educational history, and therefore deny those allegations.

3

15.  Admitted in part, denied in part.  Defendant TUSA admits that Plaintiff led the Total Rewards Center for the Americas and achieved many of the results listed in the bullet points as he alleges in the Amended Complaint.  Defendant TUSA denies Plaintiff's characterizations contained in each bullet point.

16.  Denied.  Defendant TUSA lacks knowledge or information sufficient to form a belief as to what awards Plaintiff may have received or achieved prior to his employment at Defendant TUSA began, and therefore deny those allegations.

**Defendants**

17.  Denied.  The allegations in Paragraph 17 are directed to a party other than Defendant TUSA.

18.  Denied.  The allegations in Paragraph 18 are directed to a party other than Defendant TUSA.

19.  Denied.  The allegations in Paragraph 19 are directed to a party other than Defendant TUSA.

20.  Denied.  The allegations in Paragraph 20 are directed to a party other than Defendant TUSA.

21.  Denied.  The allegations in Paragraph 21 are directed to a party other than Defendant TUSA.

22.  Denied.  The allegations in Paragraph 22 are directed to a party other than Defendant TUSA

23.  Paragraph 23 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies these allegations.

4

24.  Denied.  By way of further response Defendant TUSA denies that this matter is properly a class action matter.  The remaining allegations contained in Paragraph 24 of the Amended Complaint state only conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant TUSA denies that it is a joint employer with TPI.

25.  Denied.  The allegations in Paragraph 25 are directed to a party other than Defendant TUSA.

26.  Denied.  The allegations in Paragraph 26 are directed to a party other than Defendant TUSA.

**All Defendants**

27.  The allegations contained in Paragraph 27 of the Amended Complaint state only conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant TUSA denies that it is a joint employer with TPI.

28.  The allegations contained in Paragraph 28 of the Amended Complaint state only conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant TUSA denies that it discriminated against Plaintiff or any employee on the basis of age.  Furthermore, the term "Corporate Defendants" is not defined in the Amended Complaint and therefore is vague, ambiguous. The remaining allegations contained in Paragraph 28 are directed to a party other than Defendant TUSA, and are therefore denied.

## STATEMENT OF APPLICABLE FACTS

**Historical Events Leading to the Drastic Workforce Reductions**

29.  Denied.  The allegations in Paragraph 29 are directed to a party other than Defendant TUSA.

30.  Denied.

5

31.   Denied.  The allegations in Paragraph 31 are directed to a party other than Defendant TUSA.

32.   Denied.  The allegations in Paragraph 32 are directed to a party other than Defendant TUSA.

33.   Denied.  The allegations in Paragraph 33 are directed to a party other than Defendant TUSA.

34.   Denied.  To the extent Plaintiff references Schultz's contract, said contract is a written document that speaks for itself and, therefore, Defendant TPI denies any characterizations of same. By way of further response, the averments contained in Paragraph 34 are wholly irrelevant to the matters at hand.

35.   Denied.  By way of further response, the averments contained in Paragraph 35 are wholly irrelevant to the matters at hand.

36.   Denied.  The allegations in Paragraph 36 are directed to a party other than Defendant TUSA.

**Historical Perspective of Plaintiff's Employment Experience**

37.   Denied.  The allegations in Paragraph 37 are directed to a party other than Defendant TUSA.

38.   Admitted in part, denied in part.  Defendant TUSA admits only that Plaintiff received an increase in his base salary and a $60,000 retention bonus.  Defendant TUSA denies that Plaintiff received these remunerations for the reasons stated in the Amended Complaint.

39.   Denied.  The allegations in Paragraph 39 are directed to a party other than Defendant TUSA.

6

40.   Denied.  The allegations that Plaintiff was a "valuable managerial asset" or that Defendant TUSA accomplished "properly planned" savings are vague, ambiguous, and incapable of a response as phrased, because it does not define what a "valuable managerial asset" is or what constitutes a "properly planned" savings.  Defendant TUSA admits that Plaintiff was generally competent and capable in his job performance.

41.   Denied.  The allegations in Paragraph 41 are directed to a party other than Defendant TUSA.

42.   Denied.  The allegations in Paragraph 42 are directed to a party other than Defendant TUSA.

43.   Denied.  Defendant TUSA's severance plans are written documents that speak for themselves, and, therefore, Defendant TUSA denies any characterizations of same. Defendant TUSA denies that any such modifications were motivated by a desire to discriminate against any employee, including Plaintiff, on the basis of age.  Defendant TUSA denies all remaining allegations contained in Paragraph 43.

44.   Denied.

**Plaintiff's Selection for Firing**

45.   Denied.  The allegations in Paragraph 45 are directed to a party other than Defendant TUSA.

46.   Admitted in part, denied in part.  Defendant TUSA admits only that Plaintiff was asked to and did provide his view on how the structure of the Total Rewards Center for the Americas could be altered to reduce employee headcount.  Defendant TUSA denies that Plaintiff volunteered to be relocated to Israel.  Defendant TUSA denies all remaining allegations contained in Paragraph 46.

7

47.   Admitted in part, denied in part.  Defendant TUSA admits that on or about January 2, 2018 Plaintiff was advised that his employment with Defendant TUSA would be terminated. Defendant TUSA further admits that Plaintiff was not offered a demotion prior to his termination.  Defendant TUSA denies all remaining allegations contained in Paragraph 47.

48.   Denied.  The allegations in Paragraph 48 are directed to a party other than Defendant TUSA.

49.   Admitted.

50.   Denied.  By way of further response, Defendant TUSA denies that Plaintiff was "replaced."  To the contrary, Plaintiff's position was eliminated in its entirety.

51.   Denied.  By way of further response, by eliminating Plaintiff's position in its entirety, Defendant TUSA saved money.  Further, the allegation that "age was the motivating and determinative factor in the decision to promote Mr. Nasi and fire Plaintiff" is a conclusion of law to which no response is required.  To the extent a response is deemed required, Defendant TUSA denies that age was the motivating or a determinative factor in Plaintiff's separation.  Defendant TUSA further denies all remaining allegations contained in Paragraph 51.

52.   Admitted in part, denied in part.  Defendant TUSA admits only that Plaintiff was eligible to receive a cash bonus targeted at 30% of his base salary and that his healthcare benefits were $2,196.54 per month.  Defendant TUSA denies that Plaintiff's salary was $286,000 at the time of his termination or that there is a specific target for equity bonuses.

53.   Denied.

8

## CLASS ALLEGATIONS

55.  Admitted[2] in part, denied in part.  Defendant TUSA admits only that Plaintiff purports to bring his Amended Complaint on behalf of all individuals over the age of forty years who have been terminated by Defendant TUSA.  Defendant TUSA denies that it engaged in any unlawful conduct.  By way of further response, Defendant TUSA denies that certification of a class action is appropriate and denies that it is liable to Plaintiff or to any putative member of the class for age discrimination.  Further, the remaining allegations are directed to a party other than Defendant TUSA and are therefore denied.

55.  Paragraph 55 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

56.  Paragraph 56 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies Plaintiff's allegation that the investigation into the allegations will not be increased if the issues raised are expanded to a class action.  Further, Defendant TUSA denies that it engaged in any unlawful conduct.  By way of further response, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate and that it is liable to Plaintiff or to any putative member of the class.

57.  Paragraph 57 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is

---

[2] Plaintiff's Amended Complaint omits a Paragraph 54 and includes two Paragraphs labeled 55. Defendant TUSA therefore omits a response to missing Paragraph 54 and provides a separate response to each Paragraph 55.

04/12/2021 SL1 1683778v3 030421.00713

properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

58.  Admitted in part, denied in part.  Defendant TUSA admits only that Plaintiff purports to define the class as though stated in Paragraph 58 of the Amended Complaint.  Defendant TUSA denies the remaining allegations contained in Paragraph 58 of the Amended Complaint. By way of further response, Paragraph 58 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

59.  Admitted in part, denied in Part. Defendant TPI admits only that Plaintiff purports to reserve his right to amend the Class definition. Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

60.  Paragraph 60 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

61.  Paragraph 61 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

62.  Paragraph 62 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is

properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

63.  Paragraph 63 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

64.  Paragraph 64 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

65.  Paragraph 65 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

66.  Paragraph 66 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

67.  Paragraph 67 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

04/12/2021 SL1 1683778v3 030421.00713

68. Paragraph 68 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

69. Paragraph 69 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

70. Paragraph 70 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

## STATEMENT OF LEGAL LIABILITY

71. Paragraph 71 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA admits that Plaintiff is over the age of forty.

72. Paragraph 72 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies these allegations.

73. Paragraph 73 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TUSA denies these allegations.

74.  Paragraph 74 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies these allegations.

## COUNT I

### VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

75.  Defendant TUSA incorporates by reference its responses to the averments of Paragraphs 1 through 74, above, as if fully set forth at length herein.

76.  Paragraph 76 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies these allegations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT

77.  Defendant TUSA incorporates by reference its responses to the averments of Paragraphs 1 through 76, above, as if fully set forth at length herein.

78.  Paragraph 78 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TUSA denies these allegations.

## RELIEF SOUGHT

Defendant TUSA denies that Plaintiff is entitled to any relief or damages and specifically denies the allegations of the "WHEREFORE" clause contained in the "Relief Sought" portion of the Amended Complaint as it relates to his or their entitlement to relief.  Defendant TUSA demands that judgment be entered in favor of Defendant TUSA and against Plaintiff, that the Court dismiss Plaintiff's Amended Complaint in its entirety, and that the Court award Defendant TUSA reimbursement for its attorneys' fees, costs and expenses incurred in this action.

13

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

## AFFIRMATIVE DEFENSES

Defendant TUSA incorporates by reference in each Affirmative Defense set forth below the admissions, denials, and averments of the above paragraphs of this Answer as if fully set forth herein.

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendant TUSA did not engage in any unlawful or wrongful conduct with respect to Plaintiff, is not liable to Plaintiff in any manner, and Plaintiff is not entitled to any relief or damages.

3. Defendant TUSA acted in good faith at all times relevant to this action and did not engage in any discrimination or unlawful or wrongful conduct.

4. Plaintiff was an at-will employee for the entire duration of his employment with Defendant TUSA.

5. Plaintiff has not suffered any damages or, in the alternative, any damages suffered by Plaintiff were not proximately caused by Defendant TUSA.

6. Plaintiff is not entitled to an award of attorneys' fees and costs.

7. All decisions made by Defendant TUSA with respect to Plaintiff were legitimate, good-faith, lawful business decisions that were not based on, connected to, or related to Plaintiff's age.

04/12/2021 SL1 1683778v3 030421.00713

8.  Teva did not violate the Age Discrimination in Employment Act, the Pennsylvania Human Relations Act, or any other statutory or common law with respect to Plaintiff.

9.  Plaintiff has failed to mitigate his alleged damages.

10.  Plaintiff's termination was based on reasonable factors other than age.

11.  Plaintiff's claim for punitive damages are barred to the extent that award of such damages would violate any of the provisions of the Constitution of the United States, or any of the provisions of the Constitution of the Commonwealth of Pennsylvania, or any other law.

12.  Any claim for liquidated damages is barred because the actions allegedly taken by Defendant TUSA were not willful.

13.  Defendant TUSA specifically reserve the right to assert any additional Affirmative Defenses in this matter, including those arising under the doctrine of after-acquired evidence.

WHEREFORE, Defendant TUSA demands that judgment be entered in its favor and against Plaintiff, that the Court dismiss Plaintiff's Amended Complaint in its entirety, and that the Court award Defendant TUSA reimbursement for its attorneys' fees, costs and expenses incurred in this action.

Dated:  April 12, 2021                         STEVENS & LEE

                                               By:  /s/ *Larry J. Rappoport*
                                                    Larry J. Rappoport (ID No. 26922)
                                                    ljr@stevenslee.com
                                                    Brandon S. Shemtob (ID No. 319246)
                                                    bss@stevenslee.com
                                                    1800 Market Street, East Tower, Suite 1800
                                                    Philadelphia, PA  19102
                                                    (215) 496-3839

                                                    *Attorneys for Defendant Teva Pharmaceuticals*
                                                    *USA, Inc.*

15