IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH W. KEUCH, | : |
|     Plaintiff, | :   CASE NO. 2:19-CV-05488 |
| v. | : |
| TEVA PHARMACEUTICALS USA, INC., And TEVA PHARMACEUTICAL INDUSTRIES, Ltd., | :   [ELECTRONICALLY FILED] |
|     Defendants. | : |

**DEFENDANT TEVA PHARMACEUTICAL INDUSTRIES, LTD.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Teva Pharmaceutical Industries, Ltd.[1] ("Defendant TPI") hereby answers the above-captioned Amended Complaint of Plaintiff Randolph Keuch ("Plaintiff" or "Keuch") in accordance with the numbered paragraphs thereof as follows:

**JURY TRIAL**

Defendant TPI admits that Plaintiff demands a trial by jury in this matter.

**INTRODUCTION**

1. Admitted in part, denied in part. Defendant TPI admits only that Plaintiff purports to bring this action on his own behalf, and on behalf of all similarly situated employees pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 *et seq.* Defendant TPI

---

[1] By answering this Amended Complaint, TPI does not waive its right to challenge this Court's exercise of jurisdiction over it in other litigations. To the contrary, TPI specifically reserves its rights and defenses as to the exercise of jurisdiction in all other regards, litigations, and legal matters. In Plaintiff's Amended Complaint, Plaintiff defines "Teva" to include both Defendant TUSA and TPI. For the avoidance of any doubt, this answer is filed on behalf of Defendant TPI only. Further, by responding to paragraphs directed toward the collective "Teva" Defendant TPI does not admit that it is a joint employer or single legal entity with TUSA. Furthermore, Plaintiff refers to the Israeli corporation throughout his Amended Complaint as "Teva Global" which is an entity that does not exist.

denies that it engaged in any unlawful conduct under any of these laws and denies that Plaintiff is entitled to any relief from Defendant TPI.  By way of further response, Defendant TPI denies that this matter is properly a class action matter.

2. Admitted in part, denied in part.  Defendant TPI admits only that Plaintiff purports to bring the claims referenced in Paragraph 2 of the Amended Complaint.  Defendant TPI denies that any of Plaintiff's claims have merit and specifically denies that it has discriminated against Plaintiff or any employee on the basis of such employee's age or that it failed to properly evaluate any employee's performance.

3. Admitted in part, denied in part.  Defendant TPI admits only that Plaintiff purports to bring the claims referenced in Paragraph 3 of the Amended Complaint.  Defendant TPI denies that any of Plaintiff's claims have merit.  Defendant TPI specifically denies that it has discriminated against Plaintiff or any employee on the basis of such employee's age, that it replaced Plaintiff, that Kåre Schultz directed any discriminatory behavior or that it employed anyone who allegedly replaced Plaintiff.

## **JURISDICTION**

4. Paragraph 4 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI does not contest subject matter jurisdiction.

5. Paragraph 5 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI does not contest subject matter jurisdiction.

6. Paragraph 6 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent that a response is required, Defendant TPI denies that this matter is properly a class action matter.

## VENUE

7. Paragraph 7 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI does not contest venue.

8. Paragraph 8 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI does not contest venue.

## THE PARTIES

**The Plaintiff, Randolph W. Keuch**

9. Admitted upon information and belief.

10. Denied. By way of further response, Defendant TPI did not employ Plaintiff and therefore the allegations in Paragraph 10 are directed to a party other than Defendant TPI.

11. Denied. By way of further response, Defendant TPI did not employ Plaintiff and therefore the allegations in Paragraph 11 are directed to a party other than Defendant TPI.

12. Denied. By way of further response, Defendant TPI did not employ Plaintiff and is therefore unfamiliar with his background qualifications. Furthermore, the term "leader" is overly vague and ambiguous because it does not provide a definition of what constitutes a "leader."

13. Denied. Defendant TPI lacks knowledge or information sufficient to form a belief as to Plaintiff's prior employment history, and therefore denies those allegations.

14. Denied. By way of further response, Defendant TPI did not employ Plaintiff and therefore the allegations in Paragraph 14 are directed to a party other than Defendant TPI. Additionally, Defendant TPI lacks knowledge or information sufficient to form a belief as to Plaintiff's prior educational history, and therefore deny those allegations.

15. Denied. By way of further response, Defendant TPI did not employ Plaintiff and therefore the allegations in Paragraph 15 are directed to a party other than Defendant TPI.

16. Denied. Defendant TPI lacks knowledge or information sufficient to form a belief as to what awards Plaintiff may have received or achieved and therefore denies those allegations.

**Defendants**

17. Denied. By way of further response, Defendant TPI is an Israeli, publicly held (NYSE), multinational pharmaceutical company headquartered in Tel Aviv.

18. Admitted. By way of further response, there is no entity by the name of Teva Global.

19. Denied. Defendant TPI's annual report is a written document that speaks for itself, and, therefore, Defendant TPI denies any characterization of same.

20. Denied. Defendant TPI's annual report is a written document that speaks for itself, and, therefore, Defendant TPI denies any characterization of same.

21. Denied. Defendant TPI's annual report is a written document that speaks for itself, and, therefore, Defendant TPI denies any characterization of same. By way of further response, the averments contained in Paragraph 21 are wholly irrelevant to the matters at hand.

22. Denied. Defendant TPI's annual report is a written document that speaks for itself, and, therefore, Defendant TPI denies any characterization of same. By way of further response, the averments contained in Paragraph 22 are wholly irrelevant to the matters at hand

23. Paragraph 23 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies these allegations.

4

24. Denied.  By way of further response Defendant TPI denies that this matter is properly a class action matter.  The remaining allegations contained in Paragraph 24 of the Amended Complaint state only conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant TPI denies that it is a joint employer with Defendant TUSA.

25. Admitted in part, denied in part.  Defendant TPI admits only that in 2017 Kåre Schultz became the President and CEO of Defendant TPI.  The remaining allegations contained in Paragraph 25 state only conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant TPI denies that it discriminated against Plaintiff or any employee.

26. Admitted in part, denied in part.  Defendant TPI admits only that Ms. Zorman is and was a management level employee of TPI and that Ms. Zorman selected Plaintiff, among others, to be included in the reduction in force.  Defendant TPI denies the remaining allegations contained in Paragraph 26 of the Amended Complaint and specifically denies that the selection of Plaintiff to be included in the reduction in force was discriminatorily motivated.

**All Defendants**

27. The allegations contained in Paragraph 27 of the Amended Complaint state only conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant TPI denies that it is a joint employer with Defendant TUSA.

28. The allegations contained in Paragraph 28 of the Amended Complaint state only conclusions of law to which no response is required.  To the extent a response is deemed

required, Defendant TPI denies that it discriminated against Plaintiff or any employee on the basis of age.

## STATEMENT OF APPLICABLE FACTS

### Historical Events Leading to the Drastic Workforce Reductions

29. Admitted in part, denied in part. Defendant TPI admits only that in 2016 it acquired Actavis. Defendant TPI denies the irrelevant averments including the characterization that TPI was required to take out "extensive" loans or that it was required to sell Actavis's "most profitable" and "low competition" products.

30. Denied. By way of further response, the averments contained in Paragraph 30 are wholly irrelevant to the matters at hand.

31. Denied. By way of further response, the averments contained in Paragraph 31 are wholly irrelevant to the matters at hand.

32. Admitted in part, denied in part. Defendant TPI admits only that it paid to the United States Department of Justice and the Securities and Exchange Commission an amount to settle certain charges against it. Defendant TPI denies Plaintiff's characterization of same. By way of further response, the averments contained in Paragraph 32 are wholly irrelevant to the matters at hand.

33. Admitted in part, denied in part. Defendant TPI admits only that it hired Schultz as President and CEO, that it suspended dividends for common stock, that it did not pay annual bonus payments for 2017, and announced a reduction in force. Defendant TPI denies Plaintiff's characterization of same. By way of further response, the averments contained in Paragraph 33 are wholly irrelevant to the matters at hand.

34. Denied. To the extent Plaintiff references Schultz's contract, said contract is a written document that speaks for itself and, therefore, Defendant TPI denies any

6

characterizations of same. By way of further response, the averments contained in Paragraph 34 are wholly irrelevant to the matters at hand.

35. Denied.  By way of further response, the averments contained in Paragraph 35 are wholly irrelevant to the matters at hand.

36. Denied By way of further response, the averments contained in Paragraph 36 are wholly irrelevant to the matters at hand.

**Historical Perspective of Plaintiff's Employment Experience**

37. Denied.

38. Denied.  By way of further response, Defendant TPI did not employ Plaintiff and therefore the allegations in Paragraph 38 are directed to a party other than Defendant TPI.

39. Denied. By way of further response, this allegation is entirely irrelevant to the instant matter.

40. Denied.  By way of further response, Defendant TPI did not employ Plaintiff and therefore the allegations in Paragraph 40 are directed to a party other than Defendant TPI.

41. Denied.  Defendant TPI's equity plans are written document that speak for themselves, and, therefore, Defendant TPI denies any characterizations of same. Defendant TPI denies that any such modifications were motivated by a desire to discriminate against any employee, including Plaintiff, on the basis of age.  Defendant TPI denies all remaining allegations contained in Paragraph 41.

42. Denied.  Defendant TPI's equity plans are written document that speak for themselves, and, therefore, Defendant TPI denies any characterizations of same. Defendant TPI denies that any such modifications were motivated by a desire to discriminate against any

employee, including Plaintiff, on the basis of age.  Defendant TPI denies all remaining allegations contained in Paragraph 42.

43.  Denied.  By way of further response, the allegations in Paragraph 43 are directed to a party other than Defendant TPI.

44.  Denied.  Defendant TPI lacks information or knowledge of what Plaintiff allegedly witnessed.  By way of further response, Defendant TPI did not employ Plaintiff nor Daniel Lawler and therefore the allegations in Paragraph 44 are directed to a party other than Defendant TPI.

**Plaintiff's Selection for Firing**

45.  Admitted in part, denied in part.  Defendant TPI admits that in November 2017 Kåre Schultz announced a reduction in force that would affect approximately 25% of Teva Pharmaceuticals Industries, Ltd.'s global workforce and that bonuses would not be paid for 2017.  Defendant TPI denies Plaintiff's characterization that "executive mismanagement" led to the decisions and the remaining allegations in Paragraph 45.

46.  Admitted in part, denied in part.  Defendant TPI admits only that Plaintiff was asked to and did provide his view on how the structure of the Total Rewards Center for the Americas could be altered to reduce employee headcount.  By way of further response, Defendant TPI did not employ Plaintiff and therefore the remaining allegations in Paragraph 46 are directed to a party other than Defendant TPI.  Defendant TPI denies the remaining allegations in Paragraph 46.

47.  Denied. Defendant TPI did not employ Plaintiff and therefore the allegations in Paragraph 47 are directed to a party other than Defendant TPI.

48. Admitted in part, denied in Part. Defendant TPI admits only that Tal Zorman made the decision to terminate Plaintiff's employment and that Ms. Zorman was employed by Defendant TPI. Defendant TPI denies the remaining allegations contained in Paragraph 48.

49. Admitted upon information and belief. By way of further response, Defendant TPI did not employ Plaintiff and, therefore, the allegations in Paragraph 49 are directed to a party other than Defendant TPI.

50. Denied. By way of further response, Defendant TPI did not employ Plaintiff nor does it employ Mr. Nasi and therefore the allegations in Paragraph 50 are directed to a party other than Defendant TPI.

51. Denied.

52. Denied. By way of further response, Defendant TPI did not employ Plaintiff and, therefore, the allegations in Paragraph 52 are directed to a party other than Defendant TPI.

53. Denied.

## CLASS ALLEGATIONS

55. Admitted[2] in part, denied in part. Defendant TPI admits only that Plaintiff purports to bring his Amended Complaint on behalf of all individuals over the age of forty years who have been terminated by Defendant TPI and [he alleges Teva US]. Defendant TPI denies that it engaged in any unlawful conduct. By way of further response, Defendant TPI denies that certification of a class action is appropriate and denies that it is liable to Plaintiff or to any putative member of the class for age discrimination. Further, the remaining allegations are directed to a party other than Defendant TPI and are therefore denied.

---

[2] Plaintiff's Amended Complaint omits a Paragraph 54 and includes two Paragraphs labeled 55. Defendant TPI therefore omits a response to missing Paragraph 54 and provides a separate response to each Paragraph 55.

55. Paragraph 55 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies that this is properly a class action matter, certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

56. Paragraph 56 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies Plaintiff's allegation that the investigation into the allegations will not be increased if the issues raised are expanded to a class action. Further, Defendant TPI denies that it engaged in any unlawful conduct. By way of further response, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

57. Admitted in part, denied in part, Defendant TPI admits that Plaintiff "seeks certification of a class of older workers under the terms and requirements of Rules 23(a)(1)(2)(3) and (4) fo [sic] the Federal Rules of Civil Procedure." By way of further response, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

58. Admitted in part, denied in part. Defendant TPI admits only that Plaintiff purports to define the class as stated in Paragraph 58 of the Amended Complaint. Defendant TPI denies the remaining allegations contained in Paragraph 58 of the Amended Complaint. By way of further response, Paragraph 58 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

59. Admitted in part, denied in part. Defendant TPI admits only that Plaintiff purports to reserve his right to amend the Class definition. Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

60. Paragraph 60 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

61. Paragraph 61 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

62. Paragraph 62 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

63. Paragraph 63 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

64. Paragraph 64 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies that this is

properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

65. Paragraph 65 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

66. Paragraph 66 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

67. Paragraph 67 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

68. Paragraph 68 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

69. Paragraph 69 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

70. Paragraph 70 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies that this is properly a class action matter, that certification of a class action is appropriate, and that it is liable to Plaintiff or to any putative member of the class.

## STATEMENT OF LEGAL LIABILITY

71. Paragraph 71 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI admits that Plaintiff is over the age of forty.

72. Paragraph 72 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies these allegations.

73. Paragraph 73 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies these allegations.

74. Paragraph 74 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies these allegations.

## COUNT I

## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

75. Defendant TPI incorporates by reference its responses to the averments of Paragraphs 1 through 74, above, as if fully set forth at length herein.

76. Paragraph 76 of the Amended Complaint states only conclusions of law to which no response is required.  To the extent a response is required, Defendant TPI denies these allegations.

## COUNT II

## VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT

77. Defendant TPI incorporates by reference its responses to the averments of Paragraphs 1 through 76, above, as if fully set forth at length herein.

78. Paragraph 78 of the Amended Complaint states only conclusions of law to which no response is required. To the extent a response is required, Defendant TPI denies these allegations.

## RELIEF SOUGHT

Defendant TPI denies that Plaintiff is entitled to any relief or damages and specifically denies the allegations of the "WHEREFORE" clause contained in the "Relief Sought" portion of the Amended Complaint as it relates to his or their entitlement to relief. Defendant TPI demands that judgment be entered in favor of Defendant TPI and against Plaintiff, that the Court dismiss Plaintiff's Amended Complaint in its entirety, and that the Court award Defendant TPI reimbursement for its attorneys' fees, costs and expenses incurred in this action.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

## AFFIRMATIVE DEFENSES

Defendant TPI incorporates by reference in each Affirmative Defense set forth below the admissions, denials, and averments of the above paragraphs of this Answer as if fully set forth herein.

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendant TPI did not engage in any unlawful or wrongful conduct with respect to Plaintiff, is not liable to Plaintiff in any manner, and Plaintiff is not entitled to any relief or damages.

3. Defendant TPI acted in good faith at all times relevant to this action and did not engage in any discrimination or unlawful or wrongful conduct.

4. Plaintiff was an at-will employee for the entire duration of his employment with another defendant, Defendant TUSA.

5. Plaintiff has not suffered any damages or, in the alternative, any damages suffered by Plaintiff were not proximately caused by Defendant TPI.

6. Plaintiff is not entitled to an award of attorneys' fees and costs.

7. Defendant TPI is not an "employer" as that term is defined in the Age Discrimination in Employment Act or the Pennsylvania Human Relations Act.

8. All decisions made by Defendant TPI with respect to Plaintiff were legitimate, good-faith, lawful business decisions that were not based on, connected to, or related to Plaintiff's age.

9. Teva did not violate the Age Discrimination in Employment Act, the Pennsylvania Human Relations Act, or any other statutory or common law with respect to Plaintiff.

10. Plaintiff has failed to mitigate his alleged damages.

11. Plaintiff's termination was based on reasonable factors other than age.

12. Plaintiff's claim for punitive damages are barred to the extent that award of such damages would violate any of the provisions of the Constitution of the United States, or any of the provisions of the Constitution of the Commonwealth of Pennsylvania, or any other law.

13. Any claim for liquidated damages is barred because the actions allegedly taken by Defendant TPI were not willful.

14. Defendant TPI challenges this Court's ability to exercise jurisdiction over it in this or any other matter.

15. Defendant TPI specifically reserve the right to assert any additional Affirmative Defenses in this matter, including those arising under the doctrine of after-acquired evidence.

WHEREFORE, Defendant TPI demands that judgment be entered in its favor and against Plaintiff, that the Court dismiss Plaintiff's Amended Complaint in its entirety, and that the Court award Defendant TPI reimbursement for its attorneys' fees, costs and expenses incurred in this action.

Dated:  April 12, 2021                       STEVENS & LEE


                                             By: /s/ *Larry J. Rappoport*
                                                  Larry J. Rappoport (ID No. 26922)
                                                  ljr@stevenslee.com
                                                  Brandon S. Shemtob (ID No. 319246)
                                                  bss@stevenslee.com
                                                  1800 Market Street, East Tower, Suite 1800
                                                  Philadelphia, PA  19102
                                                  (215) 496-3839

                                             *Attorneys for Defendant* Teva Pharmaceutical Industries, Ltd.