IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH KEUCH,<br>       Plaintiff,<br><br>       v.<br><br>TEVA PHARMACEUTICALS USA, INC., *et al.*,<br>       Defendants. | :<br>:<br>:<br>: Civil No. 2:19-cv-05488-JMG<br>:<br>:<br>: |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                       September 1, 2022

## I.   OVERVIEW

After five years of employment at Defendant Teva Pharmaceuticals USA, Inc. ("TUSA"), Plaintiff Randolph Keuch's position was eliminated, and his employment terminated. Plaintiff claims Defendant, and their parent company, discriminated against him based on his age in violation of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). Before the Court is Defendants' Motion for Summary Judgment. For the reasons that follow, the Court denies the Motion.

## II.   BACKGROUND AND ALLEGATIONS

In January 2014, Defendant Teva Pharmaceuticals USA, Inc. ("TUSA") hired Plaintiff to be the Senior Director of Total Rewards for the Americas. Defendants' Statement of Undisputed Facts ¶ 4, ECF No. 51-1 ("DSOF"); Plaintiff's Statement of Material Facts ¶ 4, ECF No. 59-2 ("PSOF"). In early December 2017, Defendants announced they would be engaging in a large scale, corporate restructuring. DSOF ¶ 33; PSOF ¶ 33. Pursuant to this restructuring, Defendants reduced the scope of Plaintiff's department and determined Plaintiff was now overqualified for his position. DSOF ¶¶ 52, 70; PSOF ¶¶ 52, 70. On January 2, 2018, Plaintiff was notified his position had been

eliminated and his employment was being terminated. DSOF ¶ 87; PSOF ¶ 87.

Plaintiff claims his employment was unlawfully terminated based on his age. Am. Compl. ¶ 76 (ECF No. 32). He brings age discrimination claims under the ADEA[1] and the PHRA.[2] Am. Compl. ¶¶ 76, 78. On June 21, 2022, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint.

### III.     SUMMARY JUDGMENT STANDARD

Summary judgment is properly granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are material if they "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute as to those facts is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

---

[1]     The ADEA provides, in pertinent part, that "[it] shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1).

[2]     Plaintiff brings identical claims under ADEA and its state counterpart the PHRA. These claims are closely related and will be analyzed concurrently. Resolution of Plaintiff's ADEA claim also resolves his PHRA claim. *See e.g. Isley*, 275 F. Supp. 3d at 635 n.6.; *Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 306 (3d Cir. 1999) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)) (discrimination claims under Title VII, the ADA, the ADEA, and the PHRA are interpreted co-extensively); *Ngai v. Urban Outfitters, Inc.,* No. 19-1480, 2021 WL 1175155, at *7 (E.D. Pa. March 29, 2021) ("Because such claims [ADEA, PHRA, and PFPO] are analyzed under similar legal frameworks, they will be considered together as appropriate."); *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567 (3d Cir. 2002) (precedent interpreting Title VII, ADEA, and/or PHRA is equally relevant to interpretation of each statute); *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 409 (3d Cir. 1999) ("We do not distinguish between the claims under federal and Pennsylvania law in our disposition of the case as...the standards are the same for purposes of determining the summary judgment motion.").

(quoting *Anderson*, 477 U.S. at 248). "We view all the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.* (internal quotation marks and citation omitted).

The party moving for summary judgment must first "identify [] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252).

## IV. DISCUSSION

### a. ADEA

Under the ADEA, the plaintiff has the burden of establishing a *prima facie* case of discrimination. *See Burton v. Teleflex Inc.,* 707 F.3d 417, 426-27 (3d Cir. 2013). Satisfying the *prima facie* case creates an inference of unlawful discrimination. *See Lackey v. Heart of Lancaster Reg'l Med. Ctr.,* 704 Fed. Appx. 41, 45-46 (3d Cir. 2017). If the plaintiff succeeds, the burden shifts to the defendant to provide evidence of a legitimate nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas Corp.,* 411 U.S. at 802. Once the defendant meets that burden, the plaintiff must demonstrate that the defendant's proffered reason was a pretext for discrimination. *Id.* at 804; *see also Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton,* 707 F.3d at 426-427); *see also Smith v. City of*

*Allentown,* 589 F. 3d 684, 691 (3d Cir. 2009) (affirming that *McDonnell Douglas* applies in ADEA cases involving indirect evidence). Plaintiff "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's actions." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

   b. Analysis

Defendants assume Plaintiff has satisfied his *prima facie* case and the Court agrees.[3] MSJ 18. Defendants focus on their alleged legitimate nondiscriminatory reason for terminating Plaintiff's employment. They argue that Plaintiff's claims fail because at the time of his termination they were in "dire financial straits which necessitated the reduction of one-quarter of their global workforce." MSJ 18. Defendants further contend they had to reduce the scope of Plaintiff's position and it "was obvious that Mr. Keuch was overqualified for the position." *Id.* They also maintain that "Plaintiff has not adduced sufficient evidence to demonstrate pretext." MSJ 19. The Court disagrees and finds there are genuine issues of material fact refuting Defendants' articulated legitimate reasons.

---

[3] To satisfy a *prima facie* case under the ADEA, a plaintiff must show that: (1) they are a member of a protected class (forty years of age or older); (2) who was discharged; (3) they were qualified for the job at issue; and (4) the employer filled the position with a person who was sufficiently younger to create an inference of age discrimination. *Narin v. Lower Merion Township Sch. Dist.*, 206 F.3d 323, 331 (3d Cir. 2000). Here, Plaintiff was over the age of forty at the time of his termination, thus qualifying as a member of a protected class. Plaintiff's Brief in Support of his Response to Defendants' Motion for Summary Judgment 1, (ECF No. 59 -1) ("Pl. Br."); Defendants' Memo of Law in Support of Summary Judgment 6, (ECF No. 51-2) ("MSJ"). Elements two and three are also satisfied as Plaintiff was terminated from a job he was qualified to perform when Defendants fired him pursuant to a "dramatic reduction of its headcount." MSJ 9. Element four is satisfied because Defendant filled Plaintiff's position with a person 27 years Plaintiff's junior. Pl. Br. 9.

4

Plaintiff argues that although Defendants say they fired him to reduce costs by replacing him with someone at a lower salary and grade level – they then swiftly increased his replacement's salary and grade level. Further, he points to Mr. Lawlor's alleged age-related remarks including that employees over 62 years old "should simply retire as they probably will not find another job."[4] He also notes documentary evidence allegedly portraying discrimination in Defendants' firing of employees over the age of 50,[5] and his replacement by a less qualified person 27 years his junior. Pl. Br. 9. The Court also notes the recent denials of summary judgment in related cases.[6] Considering the overall scenario and drawing inferences in the non-moving party's favor, as we must, the Court finds a reasonable factfinder could call "pretext" on Defendants' proffered nondiscriminatory reasons at the third stage in the *McDonnell Douglas* analysis.[7] There is enough

---

[4] Defendants argue that Mr. Lawlor's remarks were "the epitome of a stray remark made by a non-decision maker" and "had absolutely nothing to do with the inclusion of [Plaintiff] in the RIF [Reduction in Force] or in the RIF itself." MSJ 28. However, several of Defendants' depositions suggest otherwise. Zorman Depo. J.A. 0295 at 84:9-10 ("Don Lawlor was involved in that decision … to eliminate the senior director position."); *Id.* J.A. 0287 at 60:10-18 ("discussing it with Dan Lawlor [gave the impression that Mr. Nasi would be able to handle Plaintiff's job."]). Nasi Depo. J.A. 0348 at 30:9-10 (I was told to leave that to [Zorman] and Don Lawlor [to communicate the firing of Plaintiff].).

[5] Plaintiff points to an Older Workers Benefit Protection Act notice provided to employees which show a disproportionate number of employees "not retained" over the age of 50. Pl. Br. 11.

[6] *See McManus v. Teva Pharmaceuticals USA, Inc., et al.* No. 19-3890, 2021 WL 3617160 at * 1 (E.D. Pa. August 13, 2021) (Defendants' Motion for Summary Judgment was denied in this ADEA case alleging age discrimination because a "genuine issue of material fact exists regarding Plaintiff's discrimination . . . claims."); *see also Middlebrooks v. Teva Pharmaceuticals USA, Inc.*, No 17-412, 2018 WL 4186394 at * 1 (E.D. Pa. August 31, 2018) ("Finding genuine issues of material fact on the executive's … claims based on age [discrimination] … we deny Teva's motion.").

[7] *See Bray v. Marriott Hotels,* 110 F.3d 986, 991 (3d Cir. 1997) ("We stress that it is the totality of the evidence that must guide our analysis rather than the strength of each individual argument."); *see also Blunt v. Lower Merion Sch. Dist.,* 767 F.3d 247, 321 (3d Cir. 2014) ("There is other evidence … that is easily sufficient to create a genuine dispute of material fact if the record is properly viewed in its totality.").

evidence of a dispute of material fact to deny summary judgment for Plaintiff's ADEA and PHRA claims.

## V. CONCLUSION

For the reasons set out in this memorandum, the Court denies summary judgment as to Plaintiff's ADEA and PHRA discrimination claims. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge