IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH W. KEUCH, | : |
| | : CASE NO. 2:19-CV-05488 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : (JUDGE JOHN M. GALLAGHER) |
| TEVA PHARMACEUTICALS USA, INC., | : |
| And TEVA PHARMACEUTICAL | : (Electronically Filed) |
| INDUSTRIES, Ltd., | : |
| | : |
| | : |
| Defendants. | : |

**DEFENDANTS' OMNIBUS MOTION**
*IN LIMINE* **TO EXCLUDE CERTAIN EVIDENCE AT TRIAL**

Pursuant to Federal Rules of Evidence ("Fed. R. Evid.") 401, 402, 403, 404 and 408 Defendant Teva Pharmaceuticals USA, Inc. ("TUSA") and Defendant Teva Pharmaceutical Industries, Ltd. ("TPI" and collectively with TUSA the "Defendants" or "Teva"), hereby move this Court to preclude the admission of certain evidence at trial, as follows:

Motion in Limine #1 requests that this Court preclude Plaintiff Randolph Keuch ("Plaintiff" or "Mr. Keuch") from introducing evidence and testimony relating to Plaintiff being a father to seven adopted children—three of whom have special needs. This case is about whether or not Teva's decision to include Plaintiff in a 14,000 employee global RIF was because of Plaintiff's age. His status as a father of seven adopted children has absolutely no relevance to that question. Instead, it serves only as a transparent attempt for Plaintiff to garner sympathy from the jury and in turn confuse the true issues of the case.

Motion in Limine #2 requests that this Court preclude evidence and testimony relating to accolades, achievements and educational accomplishments received by Plaintiff prior to his employment at Teva. At no point in this case have Defendants asserted that Mr. Keuch's

inclusion in the RIF was due to subpar performance or a lack of qualifications. Moreover, Defendants do not assert that Mr. Keuch was "unqualified" for his role. Instead, Defendants have consistently explained that during a RIF, even highly qualified, competent and capable employees must be eliminated.

Motion in Limine #3 requests that this Court preclude evidence and testimony relating to Teva being subject to fines from the United States Department of Justice and the Securities and Exchange Commission. Plaintiff includes in his Amended Complaint the amount of these fines (under statutes unrelated to this case), what countries the fines related to and how these fines compared to the settlements paid by other pharmaceutical companies. Plaintiff asserts that he references these fines to argue that the fines contributed to the decision to engage in the global RIF. However, there is no evidence to support this wild notion. Instead, Plaintiff only intends to raise these issues in front of the jury at trial in an attempt to paint Teva in a poor light.

Motion in Limine #4 requests that this Court preclude evidence and testimony relating to Teva's asset levels, profit levels, and the compensation paid to Teva's senior executives—in particular Mr. Schultz, the CEO who joined Teva in late 2017 and immediately initiated the global restructuring eliminating 14,000 jobs. Plaintiff's proposed exhibits include the 10-K and 10-Q reports for Teva. In addition, Plaintiff's Amended Complaint makes multiple references to the compensation levels of senior Teva executives in an effort to misguidedly connect executive salary to specific workforce reduction decisions. Simply put, the compensation paid to various Teva CEOs has absolutely no relevance to whether or not Plaintiff's termination was because of his age. Instead, Plaintiff included these references to confuse the issues and engender anger and ill will towards Teva and its management, while also attempting to paint Mr. Schultz and other executives as having inflated salary and compensation packages, as if their compensation caused

the need for Mr. Keuch's termination. Moreover, punitive damages are not available under the PHRA or the ADEA and thus Teva's net worth is not a proper piece of evidence for this jury.

Motion in Limine #5 requests that this Court preclude evidence and testimony relating to companywide changes to employee retirement plans, stock plans, equity or severance plans which preceded Plaintiff's employment termination. Plaintiff intends to introduce evidence to show that changes to employee benefit plans evidence an age bias on behalf of Teva. However, Plaintiff has failed to establish who made the decisions to modify these plans, how the decisions were made and precisely when these decisions were made. Furthermore, the changes to these plans occurred at a corporate level and impacted all employees—young and old and were not specific to Mr. Keuch. Lastly, the changes to these plans are complex and to understand why these alterations were made will require a detailed and laborious explanation of the Employee Retirement Income Security Act ("ERISA") as well as Internal Revenue Code ("IRC"). This will likely confuse the jury and substantially prolong the trial.

Motion in Limine #6 requests that this Court preclude evidence and testimony relating to prior lawsuits filed against Teva specifically involving former employees Stephen Middlebrooks and Brian McManus. Plaintiff has referred to these cases in his response in opposition to summary judgment and included references to these cases in his pre-trial exhibits including decisions denying summary judgment. This proffered evidence is irrelevant to this case. Neither Mr. Middlebrooks nor Mr. McManus' claims related to the global RIF wherein Plaintiff was laid-off. Moreover, these are different business operations with entirely different decision makers involved in both of those cases. Plainly put, Plaintiff wants to introduce these two cases only to prejudice the jury against Teva by asking them to consider that Teva is a consistently bad actor who is sued by former employees for age discrimination. This evidence is both irrelevant

and highly prejudicial.  Moreover, it is misleading given that the jury in the McManus case rendered a defense verdict clearing Teva of wrongdoing.

The grounds for Defendant's Supplemental Omnibus Motion *in Limine* are fully set forth in the accompanying Brief.

Dated:  <u>October 28, 2022</u>             Respectfully submitted,

<u>/s/ Larry J. Rappoport</u>
Larry J. Rappoport, Esquire
Attorney ID:  26922
Brandon S. Shemtob, Esquire
Attorney ID:  319246
STEVENS & LEE
1500 Market Street, East Tower, Suite 1800
Philadelphia, PA 19102
Telephone:  610-205-6039
Email:  larry.rappoport@stevenslee.com
Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOLPH W. KEUCH, | : |
| | : CASE NO. 2:19-CV-05488 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : (JUDGE JOHN M. GALLAGHER) |
| TEVA PHARMACEUTICALS USA, INC., | : |
| And TEVA PHARMACEUTICAL | : (Electronically Filed) |
| INDUSTRIES, Ltd., | : |
| | : |
| | : |
| Defendants. | : |

**ORDER**

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendants' Omnibus Motion *in Limine* to Exclude Certain Evidence at Trial, and Plaintiff's response thereto, if any, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**, and that Plaintiff is precluded from: (1) introducing evidence and testimony relating to Plaintiff being a father to seven adopted children—three of whom have special needs; (2) presenting evidence relating to accolades, achievements and educational accomplishments received by Plaintiff prior to or outside of his employment at Teva; (3) presenting evidence relating to Teva being subject to fines from the United States Department of Justice and the Securities and Exchange Commission; (4) presenting evidence relating to Teva's asset levels, profit levels, financial reports and the compensation paid to Teva's senior executives; (5) presenting evidence relating to companywide changes to employee retirement plans, stock plans, equity or severance plans; and (6) presenting evidence relating to prior lawsuits filed against Teva specifically involving former employees Stephen Middlebrooks and Brian McManus.

_____
Hon.  John M. Gallagher, U.S.M.J.

## CERTIFICATE OF SERVICE

I, Larry J. Rappoport, certify that on this 28th day of October, 2022, I caused Defendants' Omnibus Motion *in Limine* to Exclude Certain Evidence at Trial, with supporting Brief and Proposed Order, to be filed electronically and available for viewing and downloading via the Court's ECF system. I further certify that Plaintiff's counsel of record was served as a result of this electronic filing.

/s/ *Larry J. Rappoport*
Larry J. Rappoport, Esquire