# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDOLPH W. KEUCH | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| v. | : | |
| TEVA PHARMACEUTICALS USA, INC., | : | **CASE NO. 2:19-CV-05488 (JMG)** |
| And TEVA PHARMACEUTICAL | : | |
| INDUSTRIES, Ltd., | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS'
OMINIBUS MOTION IN LIMINE TO EXLUDE CERTAIN EVIDENCE AT TRIAL**

Respectfully submitted,

**SPECTOR GADON ROSEN VINCI P.C.**

By: /s/ *Alan Epstein*

Alan B. Epstein, Esquire (Pa. I.D. No. 2346)
Jennifer Myers Chalal, Esquire (Pa. I.D. No. 77841)
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888/(215) 241-8844 (Fax)
aepstein@lawsgr.com
jchalal@sgrvlaw.com
*Counsel for Plaintiff*

Dated:  November 4, 2022

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES…………………………………………………….… ii

INTRODUCTION……………………………………………………………....  1

GENERAL PRINCIPLES RGARDING EVIDENCE OF PRECLUSION………....  1

DISCUSSION……………………………………………………………….…  3

    A.    Motion *in Limine* No. 1……………………………………………  4

    B.    Motion *in Limine* No. 2……………………………………………  6

    C.    Motions in *Limine* Nos. 3, 4, and 6………………………………  8

    D.    Motions *in Limine* No. 5……………………………………………  9

CONCLUSION……………………………………………………………….…  10

## TABLE OF AUTHORITIES

**Cases**                                                           **Page**

*Davies By and Through Davies v. Lackawanna County*,
Civ. Action .No. 3:15-cv-1183, 2018 WL 924205, at *1 (M.D.Pa. Feb. 14, 2018)............ 3, 6

*Ford v. Marion Cnty Sheriff Dep't,*
Civ. A. No. 1:15-cv-1989, 2018 WL 5282949 at *3 (S.D. Ind. Sept. 5, 2018)................ 6

*Garvey v. Dickenson Coll.*, 763 F. Supp. 799, 802 (M.D. Pa. 1991)............................ 5

*Hurley v. Atl. City Police Department*, 933 F. Supp 396 (D.N.J. 1996)......................... 6

*Ruff v. Temple Univ.* 122 F. Supp 3d, 212, 220 (E.D. Pa. 2015)................................. 7

*Sanzo v. Nextel Comms'ns, Inc.*,
Civ. A. No. 04-13464, 2005 WL 8175958 *2 (D.N.J. Nov. 28, 2005).......................... 7

*Scanlon v. Honeywell*, Inc.
Civ. A. 2:03-cv-869, 2005 WL 8174346 at *3 (W.D. Pa. Oct. 18, 2005)....................... 7

*Smith v. Specialty Pool Contractors*,
Civ. A. No. 2:07-cv-1464, 2009 WL 799748 *5 (W.D. Pa. March 25, 2009)................... 5

**Federal Rules of Evidence**

FRE 103........................................................................................... 2

FRE 401.......................................................................................... 1

FRE 402.......................................................................................... 2

## INTRODUCTION

Defendants Teva Pharmaceuticals USA, Inc. ("TUSA") and Teva Pharmaceutical Industries, Ltd. ("TPI") (collectively hereinafter "Defendants") have presented six (6) Motions *in Limine* addressing a diversity of issues for pretrial disposition by the Court as follows:

- **Motion No. 1: Preclusion of testimony by Plaintiff relating to his children;**

- **Motion No. 2: Preclusion of testimony and evidence relating to Plaintiff's professional education and background;**

- **Motion No. 3: Preclusion of evidence and testimony regarding fines exacted by the United States Department of Justice against Teva;**

- **Motion No. 4: Preclusion of evidence relating to Teva's assets, profits and compensation paid to its executives;**

- **Motion No. 5: Preclusion of testimony regarding various employee-based plans guiding retirement, stock awards, severance, and unemployment that adversely affect older workers; and**

- **Motion No. 6: Preclusion of evidence regarding prior employment discrimination lawsuits against Teva.**

It is respectfully asserted that these exclusionary attempts by Defendants are either unfounded or premature, and therefore, the motions must be denied or resolved in the context of the circumstances presented at the trial that is scheduled to begin on December 16, 2022.

## GENERAL PRINCIPLES REGARDING EVIDENCE PRECLUSION

Rule 401 of the Federal Rules of Evidence ("FRE") sets forth the test for relevant evidence that controls the disposition of any issue raised during a trial. Rule 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." This general evidentiary rule is further defined in FRE 402 (General Admissibility of Relevant Evidence) which states that " [r]elevant evidence is admissible unless any of the following

1

provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Rule 402 further clarifies that "[i]relevant evidence is not admissible"

Finally, the disposition of evidentiary rulings either at trial or before trial is guided by FRE 103:

> Rule 103. Rulings on Evidence
>     (a)    Preserving a Claim of Error. A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
>                 (1)    if the ruling admits evidence, a party, on the record:
>                        (A) timely objects or moves to strike; and
>                        (B) states the specific ground, unless it was apparent from the context; or
>                 (2)    If the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.
>     (b)    Not Needing to Renew an Objection or Offer of Proof. Once the court rules definitively on the record--either before or at trial--a party need not renew an objection or offer of proof to preserve a claim of error for appeal.
>     (c) Court's Statement About the Ruling; Directing an Offer of Proof. The court may make any statement about the character or form of the evidence, the objection made, and the ruling. The court may direct that an offer of proof be made in question-and-answer form.
>     (d) Preventing the Jury from Hearing Inadmissible Evidence. To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.
>     (e) Taking Notice of Plain Error. A court may take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved.

Pretrial issues are generally addressed through motions (generally referenced as "Motions in *Limine*") that call for the preclusion of evidence at the request of any party to the litigation that are most often presented by the parties for disposition by the trial court during the final conference before the actual trial.  The purpose and overriding guidance regarding motions *in limine* was well presented by United States District Judge Robert D. Mariani of the Middle

2

District of Pennsylvania in his decision in *Davies By and Through Davies v. Lackawanna County*, Civ. Action .No. 3:15-cv-1183, 2018 WL 924205, at *1 (M.D.Pa. Feb. 14, 2018):

> "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L.Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L.Ed. 2d 826 (2000).
>
> Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted ... [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

## DISCUSSION

Guided by what appears to be meritless, self-serving attempts to disadvantage Plaintiff's trial presentation, and based upon erroneously cited or irrelevant decisions rendered by other district courts, Defendants now request preclusions that will unnecessarily and improperly "handcuff" Plaintiff's presentation of his case before the jury. In overview, each of the requested preclusive requests suggest that the jury should view both the Plaintiff and the discriminating

3

defendants in a very narrow window that would deny the jury to judge both the Plaintiff's character, credibility, and emotional reaction to being discharged from a position in which he excelled and the true nature of Defendants' age-based motivations as reflected in the pretextual reasons for the reduction in force and Plaintiff's selection therein.  The following discussions of each of the requests demonstrates that Defendants' belief that Plaintiff should be restricted to antiseptically washed evidence directly relating to the singular event of Plaintiff's discharge should not be tolerated.

     **A.**     **<u>Motion *in Limine* Nos. 1</u>**

An essential element of any claim for relief by any plaintiff in any litigation is the credibility of the claimant who will testify about matter relating to the basis for the claim and the damages that the plaintiff has suffered.  In the context of the present claim, those realities will be presented in the form of Randy Keuch's testimony of: (1) the age-based discriminatory animus and actions he observed by Daniel Lawler, the nationwide head of Teva USA's human resources department who had causative influence in Plaintiff's selection for discharge during the subject reductions in force, testimony which Mr. Lawler denied or minimized during his deposition; (2) the economic losses he has and will sustain as the result of the termination of his employment; and (3) the financial and resulting emotional impact that his discharge had.  In each of those testimonial orbits, the jury will be required to judge Randy Keuch's credibility and place value on his testimony supporting both the liability and damages aspects of his case.  The fact that he is happily married, has adopted and raised eight children, many of whom were selected to give support to their special needs relates to his character and supports the basis for the jury to determine the credibility of his testimony in all areas where his testimony conflicts with Teva's reasons for his selection for firing. How is the jury to determine whether Plaintiff's claims of Mr.

4

Lawler's unlawful animus, Plaintiff's testimony about his losses including his attempts to secure alternate employment, and the emotional distress that he has suffered without carefully examining his overall truthfulness that is evidenced by his life's experience.

Moreover, none of the cited authority presented by the Defendants supports their position that Plaintiff should be judged in the context of the Defendants' proffered credibility vacuum. In fact, each of cases cited by the Defendants are contrary to their suggestion that testimony regarding character for truthfulness should be excluded;

* Contrary to Defendants' suggestion that the Judge McVerry's disallowance of the plaintiff's fathering children out of wedlock in *Smith v. Specialty Pool Contractors*, Civ. A. No. 2:07-cv-1464, 2009 WL 799748 *5 (W.D. Pa. March 25, 2009) supports their position, the court in that matter only held that evidence that plaintiff therein was an unwed father and that his illegitimate children were dependent on him for support did not impugn Plaintiff's motive for bringing the lawsuit. More importantly, Judge McVerry did agree with the moving Defendant "that character evidence as to Plaintiff's truthfulness and credibility" was relevant as bearing on the testimony of plaintiff Smith as to whether his employer created a racial or religious hostile work environment.

* Similarly, in *Garvey v. Dickenson Coll.*, 763 F. Supp. 799, 802 (M.D. Pa. 1991), the court's decision had no bearing in whether a plaintiff should be permitted to support his or her truthfulness by allowing the jury to examine his or her character. In fact, the *Garvey* Court only suggested that the many details relating to the personal lives of **Dickinson employees** (not the plaintiff)" would be excluded. The court also reserved the right to revisit that pretrial ruling dependent upon circumstances revealed during the trial ("It is impossible in advance of trial to anticipate the full range of questions that counsel may put to a witness during cross examination.

5

Therefore, the court will not make any blanket ruling precluding such evidence in advance of trial").

      \*     The relevant portions of the decision in *Hurley v. Atl. City Police Department*, 933 F. Supp 396 (D.N.J. 1996) only disputed the excessive nature of the award for emotional distress, suggesting that in the circumstance of the case, the award of $575,000 for emotional distress shocked the court's judicial conscience.

      \*     In *Ford v. Marion Cnty Sheriff Dep't,* Civ. A. No. 1:15-cv-1989, 2018 WL 5282949 at *3 (S.D. Ind. Sept. 5, 2018) the court only allowed redaction of portions of a treating physician's medical records that were unrelated to the matter before the jury.

      \*     And finally, in *Davies By & Through Davies v. Lackawanna County*, Civ. A. No. 3:15-cv-1183, 2018 WL 924205 at *5 (M.D. Pa. Feb. 14, 2018), a workplace retaliation claim brought by Mr. Davies during his lifetime, the court only precluded testimony of his widow's grief at the decedent's funeral since she had no individual claim of compensation .

Accordingly, it is respectfully urged that Plaintiff must be free to testify to all aspects of his life experience that bear on the issue of his overall character and truthfulness that are essential to a jury's impression of those essential factors.

### B.   <u>Motion in Limine No. 2</u>

In similar fashion to Defendant's motion to preclude life experience from Plaintiff's testimony, Defendants ask that Plaintiff be precluded from establishing his educational and vocational achievements in his chosen profession. Defendants' rather oblique suggestion that a plaintiff's work experience is irrelevant to the myriad of issues that a jury is required to assess in an employment termination case based on comparative discrimination decisions is simply difficult to understand.  Certainly, a plaintiff in a discrimination case must establish that he or

she was equally or better qualified to perform the remaining tasks of the job in question and demonstrate that based upon his or her educational and vocational qualifications he or she made reasonable efforts to seek other employment. In the context of the present matter, the comparative ability of Randy Keuch to perform the duties of the position given to his former subordinate, Eduardo Nasi, who was twenty-seven years his junior is an essential element in his case. The questioning of his ability to carry out what the selection official, Tal Zorman, suggests is a lesser position than the one Randy Keuch held prior to his firing and reliance placed on Danial Lawler's reflection on Randy Keuch's abilities make Plaintiff's testimony to his educational background and his vocational achievements prior to his employment with Teva as well as his awards while employed by the Defendants critical elements of the jury's review.

In lieu of addressing those realities, the Defendants again cite to extraneous authority unsupportive of the very position they assert:

* In *Scanlon v. Honeywell*, Inc. Civ. A. 2:03-cv-869, 2005 WL 8174346 at *3 (W.D. Pa. Oct. 18 2005) a discrimination retaliation case based on the plaintiff's report to his employers hotline, while the court disallowed Plaintiff's evidence that he was a star performer since the only issue was not qualification for the job but whether adverse action taken against him was related to his report of his boss on an intra-company ethics hotline, the court (unlike Defendants) did note the conflict in Third Circuit opinions on the subject at *3.

* *See also Sanzo v. Nextel Comms'ns, Inc.*, Civ. A. No. 04-13464, 2005 WL 8175958 *2 (D.N.J. Nov. 28, 2005) wherein preclusion was based upon a stipulation entered into between the parties and not that the court believed that the subject lacked relevance and *Ruff v. Temple Univ.* 122 F. Supp 3d, 212, 220 (E.D. Pa. 2015), a promotion-based case where summary

7

judgment was granted because the plaintiff therein did not demonstrate that the University's reasons for others being selected to the position he desired were pretextual.

Accordingly, it is respectfully suggested that preclusion of testimony and documents relating to Randy Keuch's educational and vocational background must not be imposed.

**C.     Motion *in Limine* Nos. 3, 4 and 6**

Based on the mandatory identification of all possible exhibits and general backgrounds of the parties set forth in Plaintiff's Complaint, Defendants request that all testimony regarding huge governmental fines imposed on Teva, the salaries of their executives, and prior lawsuits should be precluded. However, unless any of the TEVA witnesses present testimony that the reason for the unnecessarily rushed imposition of the reduction in force was imposed for reasons inconsistent with the circumstances related in the TEVA filed 10(K) for the relevant period <u>or</u> if TEVA attempts to suggest that economic concerns prompted in whole or in part the decision to promote Mr. Nasi to fulfill Randy Keuch's job duties, Plaintiff does not intend to present evidence of the reasons for Kåre Schultz's ordering a drastic 25% cut in the worldwide workforce immediately after his appointment as CEO or place the fact of the company's broad economic condition to the jury through testimony or documents.. On the other hand, if testimony is provided by any witnesses now or once employed by Teva that suggests an imperative that is simply not truthful as measured by the mandatory government filing, Plaintiff should be free to demonstrate the lack of truthfulness proffered by TEVA and provide evidence that will be a guidance to the jury about TEVA's truthfulness about other defenses raised by the Defendants' with respect to Randy Keuch's discharge such as business necessity or other factors related to Mr. Nasi's selection.

Accordingly, it is respectfully suggested that any issue presented in support of preclusion on any of these matters discussed here should be deferred and addressed only if necessary at trial.

**D.     Motion in Limine No. 5**

Without citing to Plaintiff's allegations throughout this litigation that the various issues related to the age-based discriminatory animus of Mr. Lawler who clearly influenced Randy Keuch's selection for termination, Defendants suggest that Plaintiff should be precluded from discussing changes in TEVA's benefits plans.  Disingenuously, in seeking to exclude this evidence, Defendants fail to discuss that that Mr. Lawler's discriminatory propensities against older workers were ascribed to his actions and reactions relating to programs that he proposed, put in place or condoned and that Mr. Lawler had a clear bias against older workers at Teva. The issues regarding Mr. Lawler's animus were raised in discovery and the parties' submissions in support of their positions on summary judgment.   Defendants appear to recognize the relevance of Plaintiff's position in this regard as expressed in fn. 5 at page 18 of its memoranda but nevertheless express the desire to subvert any attempt to show Mr. Lawler's critical bias as evidenced by his involvement in benefit plans that he had a hand in modifying which had an adverse effect on older workers.  Its suggestion that the plan changes in which Mr. Lawler was integrally involved would require additional solicitation of testimony relating to the requirement of ERISA is simply inappropriate.  Accordingly, it is respectfully urged that Defendant's requested preclusion of evidence  regarding benefit plans be denied.

## **CONCLUSION**

For the reasons stated above, it is respectfully suggested that each of Defendants'

Motions in *Limine* presented to the Court for disposition must be denied.

Respectfully submitted,

**SPECTOR GADON ROSEN VINCI P.C.**

By: /s/ *Alan Epstein*

Alan B. Epstein, Esquire (Pa. I.D. No. 2346)
Jennifer Myers Chalal, Esquire (Pa. I.D. No. 77841)
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888/(215) 241-8844 (Fax)
aepstein@lawsgr.com
jchalal@sgrvlaw.com
*Counsel for Plaintiff*

Dated:  November 4, 2022

## CERTIFICATE OF SERVICE

I, Alan B. Epstein, Esquire, attorney for Randolph W. Keuch, do hereby certify that true and correct copies of the foregoing *Pretrial Memorandum of Plaintiff Randolph Keuch* was sent via the Court's ECF system on this 4th day of November 2022 to the following counsel of record for the Defendants:

Larry J. Rappaport, Esquire
Brandon S. Shemtob, Esquire
STEVEN & LEE
1500  Market Street, East Tower, Suite 1800
Philadelphia, PA  19102

/s/ *Alan B. Epstein*

Alan B. Epstein, Esquire (Pa. Atty. I.D. No. 2346)