IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RANDOLPH KEUCH, :
         Plaintiff, :
          :
v. : Civil No. 2:19-cv-05488-JMG
          :
TEVA PHARMACEUTICALS USA, INC., *et al.*, :
         Defendants. :

**ORDER**

**AND NOW**, this 5th day of December, 2022, upon consideration of Defendants' Motions in Limine (ECF No. 73), and any responses thereto, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion in Limine to Exclude Evidence of Plaintiff Being a Father to Seven Children (#1) is **GRANTED IN PART** as follows:

    a. Defendants' motion seeks to exclude evidence that Plaintiff is a father to seven adopted children, three of whom have special needs.

    b. Plaintiff will be permitted to introduce preliminary evidence regarding Plaintiff's background, including that he is a father to seven children. Any evidence with respect to the special needs of his children will be **PRECLUDED** from the trial. The probative value of such testimony is substantially outweighed by a danger of unfair prejudice. FED. R. EVID. 403.

2.  Defendants' Motion in Limine to Exclude Evidence of Educational Accolades, Achievements and Other Accomplishments of Plaintiff that Occurred Prior to his Employment at Teva (#2) is **DENIED** as follows:

    a.  A jury is required to understand a host of issues when considering an employment law case, including, but not limited to, a party's education and experience.

    b.  Here, Plaintiff has brought claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 *et seq.* To establish a prima facie case of age discrimination under the ADEA and PHRA, a plaintiff must first prove that: "the plaintiff is at least 40 years old; the plaintiff suffered an adverse employment decision; *the plaintiff was qualified for the position in question*; and the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.,* 707 F.3d 417, 426 (3d Cir.2013) (emphasis added). Therefore, evidence regarding Plaintiff's educational and professional background, as well as any educational or professional achievements, is relevant in this case, as it demonstrates that Plaintiff was properly qualified for the position that he held prior to his termination. *See* FED. R. EVID. 403.

    c.  Defendants contend that evidence of Plaintiff's educational and professional achievements is irrelevant because they are not alleging that

       Plaintiff was unqualified for this position. While Defendants may not be challenging the qualifications of Plaintiff while employed by Defendants, Plaintiff is still required to establish his qualifications to prove his prima facie case, and the Court is not going to preclude Plaintiff from offering evidence in this regard, specifically with respect to Plaintiff's educational and professional background and achievements.

3.     The Court **RESERVES** decision on the remaining Motions in Limine. Counsel should be prepared to argue these Motions in Limine at the final pretrial conference.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge