IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RANDOLPH KEUCH,
        Plaintiff,

v.                              Civil No. 2:19-cv-05488-JMG

TEVA PHARMACEUTICALS USA, INC., *et al.*,
        Defendants.

**ORDER**

**AND NOW**, this 16th day of December, 2022, upon consideration of Defendants' Motions in Limine (ECF No. 73),[1] any responses thereto, and oral arguments made by the parties at the Final Pre-trial Conference held on December 7, 2022, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion in Limine to Exclude Evidence that Teva was Subjected to Fines from the U.S. Department of Justice and Securities Exchange Commission (#3) is **DENIED** as follows:

   a. Defendants' motion seeks to exclude evidence that Teva was subjected to fines from both the U.S. Department of Justice and the Securities Exchange Commission.

   b. At the final pre-trial conference on December 7, 2022, Plaintiff's counsel stated that he did not intend to present any such evidence and withdrew his opposition to Defendants' motion.

   c. Therefore, this motion is **DENIED** as withdrawn.

---

[1] On October 28, 2022, Defendants filed six (6) Motions in Limine (ECF No. 73). Defendant responded on November 4, 2022 (ECF No. 74). On December 5, 2022, the Court issued an order granting in part Motion In Limine #1, and denying Motion in Limine #2. The final pre-trial conference was held in this Court on December 7, 2022, during which counsel for both parties made arguments with respect to the outstanding Motions in Limine (#3-6).

2. Defendants' Motion in Limine to Exclude Evidence Relating to the Compensation Level of Various Senior Executives at Teva and Teva's Financial Reports (#4) is **GRANTED IN PART** as follows:

    a. Defendants have moved to preclude evidence related to the compensation level of senior executives at Teva, as well as financial reports generated by Teva that contain information regarding the specific compensation levels of senior executives.

    b. At the final pre-trial conference, Defendants argued that even if this evidence is relevant under FED. R. EVID. 401, its probative value, if any, would be outweighed by a danger of prejudice to the Defendants. *See* FED. R. EVID. 403. Plaintiff claimed that this evidence is relevant to show that Plaintiff's dismissal was the result of discrimination and not because of Teva's financial problems.

    c. The Court finds that while this evidence may be relevant, any relevance it may have would be substantially outweighed by a danger of unfair prejudice to the Defendants. *See* FED. R. EVID. 403. Therefore, evidence related to the compensation levels of senior Teva executives, in particular the specific amounts of their salaries and benefits, will be precluded. The 10-K form is also precluded if offered for this purpose. Plaintiff will be permitted, however, to illicit testimony as to whether senior executives experienced any cuts to their salaries or benefits during Teva's downsizing.

3. Defendants' Motion in Limine to Exclude Evidence Relating to Global Changes to the Company's Retirement Plan, Stock Plan, Equity Plan and Severance Plan (#5) is **DENIED IN PART** as follows:

   a. Plaintiff has alleged that Teva's changes to their benefit and severance plans were discriminatory towards older workers. In his Amended Complaint, Plaintiff cited changes to the company's stock plan, the raising of the age for retirement, and the company's severance plan. Third Amended Complaint ¶¶ 41-43, ECF No. 32. Additionally, Plaintiff alleged that the actions and reactions of Mr. Lawler with respect to these changes were negative towards older workers. This evidence is relevant in an age discrimination claim.

   b. Defendants have argued that the bulk of these changes were made in 2010, prior to Plaintiff's employment with the company, and that some of these changes did not take effect until 2018. Plaintiff has stated that many of these changes were made in 2015 when he was already an employee.

   c. Additionally, Defendants have argued that given the complexity of this evidence, Defendants would be required to present evidence as to why these changes were made and how they satisfied requirements under ERISA.

   d. While this evidence may be complex, the Court finds that this evidence is relevant in an action where the Plaintiff has accused Defendants of age discrimination. *See* FED. R. EVID. 401. The Court agrees with Defendants, however, that evidence regarding the changes made prior to Plaintiff's employment has little probative value in this action.

      e.    Therefore, Plaintiff shall be permitted to introduce evidence relating to global changes to the Defendants' retirement plan, stock plan, equity plan and severance plan that took place from the time Plaintiff was hired through 2018.

4.    Defendants' Motion in Limine to Exclude Evidence Related Prior Lawsuits Against Teva (#6) is **DENIED** as follows:

      a.    Defendants' motion seeks to exclude evidence related to prior lawsuits against Teva, including at least one case with similar age discrimination claims.

      b.    At the final pre-trial conference on December 7, 2022, Plaintiff's counsel stated that he did not intend to present any such evidence and withdrew his opposition to Defendants' motion.

      c.    Therefore, this motion is **DENIED** as withdrawn.

                                                           BY THE COURT:

                                                        */s/ John M. Gallagher*
                                                        JOHN M. GALLAGHER
                                                        United States District Court Judge